### JAMES E. FAIRES V. SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY.

#### No. 3007.

1. **Deed for Right of Way to Railway Company.**—The ordinary effect of the sale of land to a railway corporation for the purpose of being used by it to construct and operate a railway is to surrender to it and discharge all demands for damages resulting from the construction of the road upon the land so conveyed.

2. **Same — Case in Judgment.** — The defendant railway company exhibited in defense a deed from the plaintiff made after the railway, including its switches, had been constructed, conveying to it "the right of way for the construction and operation of its railway one hundred feet wide on and across all of his lands in and near Flatonia," * * * describing the property conveyed as "all those certain tracts or parcels of land, to-wit, one hundred feet in width through all of my land in and near the city of Flatonia, in Fayette County, Texas, * * * fifty feet on each side of the center of the track of the said San Antonio & Aransas Pass Railway track as now graded, and it is understood that this consideration covers all damages to trees, crops, fences, and houses upon said right of way by virtue of the construction of said railway over said tract." Plaintiff sued for damages to town lots abutting upon the street along which the track was operated. *Held:*

1. There is nothing in the deed to relieve it from the usual operation of such deeds.

2. Usually such deeds include, without express mention, damages done to "trees, crops, houses, and fences" standing on the land conveyed, and generally the express mention of such things as being included might be construed to show an intention not to include other damages.

3. But as in this case the road had been constructed and the damage inflicted before the conveyance was made, the claim for damages would not necessarily be satisfied by the subsequent conveyance to the railway company. For that reason it was proper to mention that the surrender of a claim for such damages was included in the conveyance.

4. The form of the deed being thus accounted for, it will not limit or control the effect that would generally be given to the conveyance of land for a right of way for a railway.

5. It would be incumbent to show that the land damaged was without the limit of fifty feet from the center of the track.

Appeal from Fayette. Tried below before Hon. H. Teichmueller. The opinion gives a statement.

*J. Lane* and *R. H. Phelps*, for appellant.—The court erred in overruling plaintiff's second special exception to the defendant's second amended original answer, which was as follows: "That he further specially excepts to so much of defendant's said answer as sets up a deed from plaintiff to defendant as an estoppal of plaintiff's right to recover in this action, because he says that said deed shows on its face that it does not in any manner relate to or affect the plaintiff in the matter of damages here claimed, wherefore he prays the judgment of the court, which demurrer was overruled by the court and excepted to by the plaintiff." Where pleadings show on their face that they are insufficient, irrelevant, or improper, and a special demurrer thereto is filed by the adverse party and insisted upon, such special demurrer should be sustained by the court. The pleading excepted to by the demurrer was both irrelevant and improper.

*S. C. Patten* and *John T. Duncan*, for appellee.—There was no charge in the pleading nor was there any proof of a want of due care and skill in the location and construction of appellee's road, and it being shown that appellant had extended a deed after the road was constructed and all damages had been done, the court should have instructed the jury to find for appellee, as no damage could be recovered by appellant for the depreciation in value of the other land of his or for any inconvenience that he might be subjected to. Railway v. Adams, 58 Texas, 482; Ct. App. C. C., sec. 385, and cases there cited.

HENRY, Associate Justice.—This suit was brought by the appellant to recover from the railway company damages occasioned to his land abutting on certain streets in the town of Flatonia by the construction of its railroad along and on said streets.

The defendant, among other defenses, pleaded and proved that after its railway, including its switches and side tracks, had been graded the appellant executed to the defendant railway company a deed conveying to it "the right of way for the construction and operation of its railway one hundred feet wide on and across all of his lands in and near Flatonia."

The deed referred to recites a consideration of $1305 paid to appellant by the railway company, and describes the property conveyed as follows:

"All those certain tracts or parcels of land, to-wit, one hundred feet in width through all of my land in and near the city of Flatonia, in Fayette County, Texas, * * * fifty feet on each side of the center of the track of the San Antonio & Aransas Pass Railway track as

now graded, and it is understood that this consideration covers all damages to trees, crops, fences, and houses upon said right of way by virtue of the construction of said railway over said land," etc.

The record does not disclose the width of the streets.

The deed was made to the railway company with a knowledge of the purpose for which the land was intended to be used.   The ordinary effect of the sale of land to a railway corporation for the purpose of being used by it to construct and operate its railway is to surrender to it and discharge all demands for damages resulting from the construction of the road upon the land so conveyed, and we can see nothing in this deed to relieve it from the usual operation of such deeds.   Usually such deeds include without express mention damages done to "trees, crops, houses, and fences" standing on the land conveyed, and generally the express mention of such things as being included might be construed to show an intention not to include other damages.   But as in this case the road had been constructed and the damage inflicted before the conveyance was made, the claim for damages would not necessarily be satisfied by the subsequent sale and conveyance of the land to the railway company, and for that reason it was proper to mention that the surrender of a claim for such damages was included in the conveyance. Their mention being thus accounted for, we do not think it should be allowed to otherwise limit or control the effect that would be generally given to the sale and conveyance of land for a right of way for a railway.

As the deed conveys to the railway company all of the land owned by the plaintiff for fifty feet on each side of the railway, it would in any event be incumbent on the plaintiff to show that the land lying on the side of a street for which he was claiming damages was situated more than fifty feet from the railway to keep it from being included within the operation of the deed, at least so far as the recovery of damages is concerned.

The view that we take of the construction and effect of this deed renders it unnecessary for us to consider other questions discussed in the brief of appellant's counsel, and requires an affirmance of the judgment.

*Affirmed.*

Delivered February 27, 1891.