## RAILWAY COMPANY *v.* MOSSMAN.

## (*Jackson.*    April 18, 1891.)

1. RAILROADS.    *Obstruction of water-flow by embankment, to injury of adjacent lands, actionable.*

   If, by negligent construction of embankment upon its right of way, a railway company obstructs the natural flow of streams or other waters, thus causing the water to back upon adjacent lands, to their detriment, the company is responsible to the land-owner for the injury thereby done.

   Cases cited and approved: Railroad *v.* Hays, 11 Lea, 382; Railroad *v.* Carriger, 7 Lea, 388.

2. SAME.    *Same.    Action defeated by twenty years adverse use.*

   But the railway company has acquired a right by prescription to overflow the adjacent lands, if for the full period of twenty years prior to the particular injury complained of, the company had continuously maintained such negligently constructed embankment, claiming the right to do so, without interruption from the land-owner or recognition of his rights.    In such case the land-owner cannot maintain suit.

   Case cited and distinguished: Railroad *v.* Hays, 11 Lea, 382.

FROM HENRY.

Appeal in error from Circuit Court of Henry County.    W. H. SWIGGART, J.

McCorry & Bond and Sweeney & Ward for Railway Company.

Lamb & Farabaugh for Mossman.

Lurton, J. Mossman owns a body of land adjoining the right of way of plaintiff in error. His lands lie upon a slightly higher level than the company's right of way or the lands upon the opposite side of the railroad. There is evidence showing that, but for the embankment constructed and maintained by the railway company, waters falling upon Mossman's land as rain or snow, or flowing upon his lands from those at a still higher level, would naturally run off across the railway, and thence upon lower lands beyond, and finally to a small branch. By the construction of this railway embankment, and its maintenance without culverts or other means for the passage of water, surface-water has been backed back upon his lands, where it accumulates in low spots and stands, making his land swampy and, in part, unfit for agricultural use. This embankment was constructed some thirty years before this suit was brought, and during all this time the right of flowage claimed by Mossman has been impeded, and surface-water backed upon his lands.

The rule that lands lying at a lower level are burthened with the servitude of receiving all waters which naturally flow down to them from lands adjoining and upon a higher level has, in this State,

been adopted and applied not only to living streams, springs, etc., but also to surface-water and waters falling as rain or snow upon such higher lands. *Railroad* v. *Hays*, 11 Lea, 382.

So it has been held that it is the duty of a railway company to provide culverts or other means for the safe passage of accumulated surface-water, and that they are liable for damages resulting from injuries to adjacent lands, by waters backed upon such lands for want of proper provision for the escape of such water through the railway embankment. *Railroad* v. *Carriger*, 7 Lea, 388.

This liability is but a consequence of the recognized right of the dominant estate to a servitude of drainage or flowage over adjacent lower lands. The only question open, in view of these decisions, is as to whether the dominant estate may lose this easement by the maintenance of artificial embankments upon the lands of the servient estate for a period of time sufficient to presume a grant or conveyance of the easement once existing. We think that this sort of a servitude may be lost by abandonment, and that the servient estate may acquire a counter-easement to flow back-water upon the lands of the dominant estate by the erection and maintenance of an embankment impeding the natural drainage over the lower lands, and backing such surface-water upon the higher lands.

The period within which, by prescription, an easement may be acquired or a servitude imposed has been settled as twenty years. If this em-

bankment has been continuously maintained for a period of twenty years without interruption, by suit or otherwise, and during all this time surface-water which would, by nature, flow upon the lands of the railway company, has been prevented from flowing and has been backed up on the higher lands, then there arises a presumption that the right to flowage upon the lower lands has been, by grant, surrendered, and that the lower lands have, by grant, secured the right to accumulate surface-water upon the lands lying adjacent and subject to such an easement. Wood on the Law of Nuisance, Sections 353, 354.

There is nothing decided in the case of *Railroad* v. *Hays* in conflict with this view. In that case there had been a recognition of the duty of providing for the drainage of adjacent lands affected by the company's embankment. The suit was for neglect to keep open a ditch, constructed and kept open for years for that purpose. This was a recognition of a servitude in favor of the estate upon a higher level. Here this servitude has been repudiated for thirty years, and an embankment maintained operating to keep surface-water off of the right of way and backing it upon the dominant estate. There is no reason for taking this case out of the general principles applicable to other easements and servitudes lost and acquired by prescription.

There is no evidence to support the judgment in favor of Mossman. Judgment here for the plaintiff in error, with costs.