WM. LOVELESS, Appellant, v. CLARK RUFFCORN ET AL.,
Appellees.   (And one other case.)

**Drainage:** LEVEES: RIGHT THEREIN OF ADJOINING LANDOWNERS: INJUNC-
TION.  Long acquiescence in the existence of a levee constructed
as part of a local drainage system is sufficient to confer substan-
tial rights therein upon landowners protected thereby: as where a
levee was constructed to protect the land on either side from
overflow water from the other side, and also for use as a
highway, and had been so used and maintained for a period of
fifty years.  *Held,* that adjacent landowners were entitled to a
permanent injunction restraining the cutting of the levee or the
interfering with it in any manner; and further that the rights of
the parties could not be affected by any *ex parte* action of the
board of supervisors.

*Appeal from Harrison District Court.*—HON. N. W.
MACY, Judge.

WEDNESDAY, JUNE 30, 1909.

Two cases were tried in the court below upon the
same evidence.  An appeal was taken in each case by the
same appellant, and both appeals are presented here upon
one record.  Both cases involve the question of the right
of appellant to cut a levee or embankment, which has
been maintained for fifty years.  The levee in question
constituted also the grade of a highway.  In pursuance of
permission, granted by the board of supervisors, the ap-
pellant cut the embankment, and placed a culvert therein
at his own expense.  The defendants in the first case,
as township officers, immediately took out such culvert,
and filled the opening.  Thereupon the appellant, as
plaintiff, brought an action for damages for the value
of his labor and material, and this is the first case above
entitled.  Later Hitchcock and others, as adjacent prop-

erty owners, brought an injunction suit against appellant, and asked that he be enjoined from again cutting the levee in question. Although the first action was at law, and the second in equity, they were both tried by agreement to the court without a jury upon the same evidence. There was a judgment dismissing the petition of appellant in the first case, and a decree of injunction against him in the second. As plaintiff in the first case, and as defendant in the second, he has appealed from each judgment.—*Affirmed.*

*J. S. Dewell,* for appellant.

*Roadifer & Arthur* and *Burke & Tamesiea,* for appellees.

EVANS, C. J.—The appellant is the owner of the S. E. 1/4 of section 12, and the N. E. 1/4 of section 13, in, Morgan township, Harrison County. This is a part of a large tract of nearly level land lying between the Soldier River and the Missouri River. On that part of the tract lying next to the Soldier River there was a slight inclination in the surface of the ground south and east toward the Soldier River. On the westerly side of the tract there was a slight inclination south and west toward the Missouri River. The difference in elevation, however, was so slight that, prior to the construction of the levee in question, the overflow of either river alone would carry the surplus waters across the entire tract into the other river. We infer from the record that the conditions which would cause an overflow in one of these rivers would not necessarily cause an overflow in the other; the Soldier River being affected more, and the Missouri River less, by local weather conditions. Therefore it was deemed advisable, by the several owners of the land in the tract, to emphasize the "divide" between the two watersheds,

and to keep the overflow of one from running into the
other, and thus to confine the submergence of particular
land to the times of overflow of one river only.   In the
spring of 1858 certain legal proceedings were had before
the county judge of Harrison County, under a statute then
in force providing for the construction of the levee in
question for the general purpose above indicated.   By such
proceedings a highway was also established along the line
of the levee in question; the embankment of the levee
being also the traveled grade of the highway.   In pur-
suance of such proceedings the levee in question was con-
structed, and has always been known as the "Noyes
Levee."   Its north end began at the north line of the
land now owned by appellant, at some distance west of
his northeast corner, and extended in a southerly direction,
bearing slightly to the west for a distance of one mile and
a quarter.   Its southern terminus was therefore a quarter
of a mile south of the south line of the land now owned
by appellant.   The embankment was constructed to a
height of two feet, and without any opening for its full
length, and it has been so maintained for the fifty years.
It has always been effective for the purpose of its con-
struction, and has always protected the land on either side
from the overflow on the other.   That it has always been
accepted and acquiesced in by the several owners of the
land contained in the tract is without substantial dispute.
That such long acquiescence in such levee as a part of the
drainage scheme of the locality is effective to confer rights
upon landowners protected thereby is settled by our pre-
vious decisions: *Geneser v. Healy,* 124 Iowa, 310; *Brown
v. Armstrong,* 127 Iowa, 175; *Matteson v. Tucker,* 131
Iowa, 511; *Thiessen v. Claussen,* 135 Iowa, 187.   See,
also, *Railway Company v. Mossman,* 90 Tenn. 157 (16
S. W. 64, 25 Am. St. Rep. 670).   It is hardly necessary
to add that the rights of the complaining parties in the
equity case could not be terminated by the mere *ex parte*

resolution of the board of supervisors. The decree in the equity case permanently enjoined the appellant from cutting the levee or interfering with it in any manner. This decree is in accord with the authorities above cited.

It is contended by appellant in the equity suit, that all that he now desires to do is to lay tile drains underground under the levee in question. He contends also that such tile drain would not have the effect to interfere with the effectiveness of the levee to separate the flood waters of the rivers. Whether the tile drain so laid would have the effect of transferring flood waters from one side to the other we have no occasion now to consider. From the evidence in this record it would be very difficult to reach a satisfactory conclusion. Appellant has no legal right to cut the levee, even temporarily, and thus endanger the property of his neighbors. He suggests no method, nor purpose on his part, to lay such tile without cutting the levee.

The decree as entered deprives the appellant of no legal right to which he is entitled. The question of the power of the board of supervisors to establish a drainage district, and to adopt a new scheme of drainage, is not involved in either case, and is not affected by the decree entered. Our conclusion on this point is decisive of both cases. We, therefore, place our affirmance of both cases upon this ground, although there are other grounds upon which the judgment in the action at law would have to be affirmed.

The judgment and decree in both cases are *affirmed*.