JOE L. KNOTT *v.* LOUISVILLE & N. R. Co. *et al.*

(*Knoxville.* September Term, 1921.)

RAILROADS. Grantor of right of way cannot recover damages from proper construction.

A landowner conveying a right of way to a railroad cannot recover damages caused to his other land by the construction of a fill with a culvert therein collecting surface water and casting it on such other land in a body, where no negligence in the construction of the track or of the culvert is shown.

Cases cited and approved: Carrier v. Railroad, 75 Tenn., 388; Railroad v. Hays, 79 Tenn., 389; Railroad v. Mossman, 90 Tenn., 157; Railroad v. Higdon, 111 Tenn., 121; Railroad v. Hanks, 80 Ark., 417; Gilbert v. Railroad, 69 Ga., 396; Railroad v. Smith, 111 Ill., 363; McCarty v. Railroad, 31 Minn., 278; Railroad v. Wallbrink, 47 Ark., 330; Benson v. Railroad, 78 Mo., 504; Conabeer v. Railroad Co., 156 N. Y., 474; Railroad Co. v. Swank, 105 Pa., 555; Righter v. City of Philadelphia, 161 Pa., 73; Railroad v. Adam, 58 Tex., 476; Faires v. Railroad Co., 80 Tex., 43. Norris v. Railroad Co., 28 Vt., 99.

Case cited and distinguished: Hord v. Railroad, 122 Tenn., 408.

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. VON A. HUFFAKER, Judge.

WEBB & BAKER, for plaintiff.

JOHNSON & Cox, for defendants.

MR. JUSTICE HALL delivered the opinion of the Court.

The plaintiff below, Joe L. Knott, brought this suit against the Louisville & Nashville Railroad Company and Walker D. Hines, Director General of Railroads, to recover damages sustained by a portion of his farm growing out of the construction of the railroad company's track through it.

At the conclusion of the plaintiff's proof there was a motion for a directed verdict in behalf of defendants, which motion the trial court sustained, and the plaintiff's suit was dismissed. Plaintiff's motion for a new trial having been overruled, he appealed to the court of civil appeals, and that court affirmed the judgment of the trial court. The case was then brought to this court by plaintiff's petition for the writ of *certiorari* and for review. ·

On October 29, 1921, this court affirmed the judgment of the court of civil appeals without filing any opinion. The plaintiff has filed a petition to rehear. The petition, which is signed by plaintiff's counsel, among others, contains this statement:

"Petitioner, through his counsel, applied to the court on the first day of the term for permission to prepare and file a reply brief and argument.

"The honorable court granted petitioner's request. Said brief and argument was accordingly prepared and was filed on the 10th day of October, and is attached to the transcript.

"On October 19th thereafter counsel for defendant in error filed a reply. In their reply counsel insisted that

petitioner had no right to file said brief and argument and moved the court to disregard said brief and argument and to strike it from the files and to affirm the judgment of the honorable court of civil appeals, without consideration thereof.

"On October 29th this honorable court evidently overlooked the fact that permission had been sought and granted to file said brief and argument, granted the motion of counsel for defendant in error, and affirmed the judgment of the court' below without consideration of said brief and argument."

In the foregoing statement counsel are in error. This court had the briefs of plaintiff's counsel before it and carefully read and considered them but was unable to agree with their contention, and is still unable to do so.

The plaintiff lives in the Eighth civil district of Knox county, and is the owner of a valuable farm in said district. And defendant railroad company operates its railroad through Knox county and through plaintiff's farm.

Plaintiff's declaration averred that about one-half of his farm lies on the north side of defendant's track, and that the other half is situated on the south side of its track. It further avers that part of said farm lying north of defendant's track, and also a large body of land to the north, northeast, and northwest of plaintiff's land constitutes a large watershed and the water falling thereupon flows south and towards plaintiff's farm; that before the construction of said railroad said water was distributed evenly over his farm without washing or injuring the same; but that said railroad company has

made a long fill on its right of way, and under its track constructed on said fill has constructed a culvert so as to draw and gather all the water falling on said watershed to and through said culvert and precipitate it upon the south portion of plaintiff's said farm in a solid and violent mass, which has cut a large, deep, and impassable ditch through the center of his said farm, passing near plaintiff's residence and depositing on the lower and better portion of his said farm vast quantities of rock, both large and small, by and on account of which a large pond has formed thereon, and plaintiff's roadway from his residence to the Middlebrook Pike, which lies south of his residence and runs parallel with said railroad, has been obstructed. Wherefore, and on account of which, the plaintiff sues to recover of defendants the sum of $10,000.

To the plaintiff's declaration defendants filed the following pleas:

First. A plea of not guilty.

Second. That the right of way upon which said railroad was built was purchased from the plaintiff and deeded by him to defendants' predecessor in title for the specific purpose of building a railroad thereon; and that the defendants and their predecessor in title had the legal right under said deed to build, maintain, and operate a railroad upon said right of way in a reasonable and lawful manner, which they have done and are doing; and that they had the lawful right to make reasonable drainage thereof, and that if plaintiff's land had been overflowed, it was the result of such reasonable and proper construction, maintenance, and drainage, and the damages sustained by plaintiff are only such incidental dam-

ages as were covered by said deed of conveyance from plaintiff to defendants' predecessor in title; and therefore plaintiff has no right of action against defendants on account of such overflow.

Third. The plea of the statute of limitations of three years. The plaintiff filed proper replication to these pleas, and the case went to trial before the court and a jury with the result hereinbefore stated.

The undisputed facts show that on December 22, 1902, the plaintiff conveyed to the Knoxville, Lafollette & Jellico Railroad Company, who is the predecessor in title of the defendant railroad company, for the consideration of $400 cash, a strip of land through his farm one hundred feet in width and lying fifty feet on either side of the main track of defendant's railroad, as it is now located. Said deed contained the usual covenants of seizin, possession, and warranties, and was duly signed and acknowledged by both plaintiff and his wife, and was duly recorded in the register's office of Knox county on the day following its execution.

The plaintiff testified that, in the construction of said railroad on its right of way across his farm, which the proof shows was done soon after the deed was executed, it was necessary for it to make a fill across a deep hollow upon which to lay its track. This it did, and about the center of this fill, and at the lowest point, it constructed a concrete culvert under its track, which the proof shows is four feet in diameter. Plaintiff testified that by reason of the water, which falls north of the railroad, being concentrated and forced to pass through this culvert, a large gully has been washed across the

southern portion of his farm some ten feet deep and of an average width of about eight feet, for a distance of three-quarters of a mile; that the water coming down this gully at the south end of plaintiff's farm has spread out and made a pond something in excess of an acre, which pond is between the plaintiff's house and the Middlebrook Pike. He further testified that gravel, sand, and mud had washed over quite a portion of the south end of his farm, and that after each rain quite a portion of his farm near the pike is submerged by water flowing through said culvert and gully. Plaintiff offered proof tending to show that water stood on his land in the year 1917 for about two months; and that overflows from this gully caused him to lose a crop on a portion of his land in 1918, and again in 1919. The land on which he lost a crop for these two years consisted of about two acres. Plaintiff further offered proof tending to show that an exceedingly heavy rain fell in the vicinity of his farm in August, 1919, which seemed to cause the ditch across his farm to be washed something like three or four feet deeper.

The plaintiff does not allege in his declaration that there was any negligent or improper construction by the railroad company of its track on its right of way across his farm. Nor does he allege that the culvert constructed under its tract was improperly and negligently constructed, or that it is in any way defective. He offered no proof which tended to show any negligence upon the part of the railroad company in the construction of its track and the culvert under it; in fact,

as we understand plaintiff's position, he concedes that both defendant's track and culvert were properly constructed, and are being maintained in a proper manner. This being true, the plaintiff cannot recover in this action.

In 2 Lewis on Eminent Domain, p. 845, Section 477, it is said:

"The conveyance of land for a public purpose will ordinarily vest in the grantee the same rights as though the land had been acquired by condemnation. The conveyance will be held to be a release of all damages which would be presumed to be included in the award of damages if the property had been condemned. The grantor therefore cannot recover for any damages to the remainder of his land which result from a proper construction, use and operation of works upon the property conveyed. Damages which result from improper construction, such as lack of necessary culverts, or diverting a stream of water, or negligence of any kind, may, of course, be recovered."

This question is directly settled by our own case of *Hord* v. *Railroad*, 122 Tenn., 408, 123 S. W., 639, 135 Am. St. Rep., 878, 19 Ann. Cas., 331.

In that case it was said:

"An agreement between a landowner and a railroad company to sell the latter a right of way across the tract of the former covers all damages, of whatever sort, to that tract, to which the landowner would have been entitled in a regular condemnation proceeding. He is presumed to have contemplated and arranged for all such damages in fixing the consideration in the contract, and he is therefore remitted to it."

A number of authorities are cited in that case to support the holding of the court.

It was further held in that case that neither the assessment of damages in the condemnation proceeding or the payment of a consideration for a right of way across the land of another covers injuries caused by the negligent construction of the road, citing *Carrier* v. *Railroad*, 7 Lea, 388; *Railroad* v. *Hays*, 11 Lea, 389, 47 Am. Rep., 291; *Railroad* v. *Mossman*, 90 Tenn., 157, 16 S. W., 64, 25 Am. St. Rep., 670; *Railroad* v. *Higdon*, 111 Tenn., 121, 76 S. W., 895. Nor injuries inflicted upon a tract other than that out of which the condemned land was taken.

To the same effect is the holding of the court in *Railroad* v. *Hanks*, 80 Ark., 417, 97 S. W., 666; *Gilbert* v. *Railroad*, 69 Ga., 396; *Railroad* v. *Smith*, 111 Ill., 363; *McCarty* v. *Railroad*, 31 Minn., 278, 17 N. W., 616; *Railroad* v. *Walbrink*, 47 Ark., 330, 1 S. W., 545; *Benson* v. *Railroad*, 78 Mo., 504; *Conabeer* v. *Railroad Co.*, 156 N. Y., 474, 51 N. E., 402; *Railroad Co.* v. *Swank*, 105 Pa., 555; *Righter* v. *City of Philadelphia*, 161 Pa., 73, 28 Atl., 1015; *Railroad* v. *Adams*, 58 Tex., 476; *Faires* v. *Railroad Co.*, 80 Tex., 43, 15 S. W., 588; *Norris* v. *Railroad Co.*, 28 Vt., 99.

We have examined each of these cases and find that they fully support the rule announced by Mr. Lewis in his valuable work on Eminent Domain, and in *Hord* v. *Railroad, supra.* Many other cases could be cited in support of the rule, but we think further citation of authorities unnecessary. It suffices that the rule is well settled, and there can be no escape from it.

The cases relied on by counsel for plaintiff in their briefs are cases in which damages were sought and recovered on account of some improper or negligent construction on the part of the railroad company. Such was the case in *Carrier* v. *Railroad, Railroad* v. *Hays, Railroad* v. *Mossman,* and *Railroad* v. *Higdon, supra.*

In the instant case plaintiff does not aver negligence or improper construction in his declaration, nor does he make any such case in his proof.

We are entirely satisfied with the conclusion heretofore reached in this case. The petition to rehear is therefore overruled.