## SNEED *v.* JENKINS.

### (*Jackson.*   April 16, 1891.)

1. EXEMPTIONS. *Rights of intestate's widow and children in exempt personalty defined.   Replevin.*

By statute personal property exempt from debt to head of family vests, upon his death intestate, in his widow "for herself and in trust for the benefit of his children." Under this statute, the widow and children take a present, joint, beneficial interest in the property immediately upon the intestate's death. Upon the widow's death, the children take the entire property, to the exclusion of her husband by a subsequent marriage, and may recover the property of him by replevin.

Code construed: § 3128 (M. & V.); § 2288 (T. & S.).

2. SAME. *Same.   Accessions to exempt property.*

And all accessions to the exempt property accruing during the interval between the intestate's death and his widow's death, and on hand at the latter date, vest in his children, to the exclusion of her husband by a subsequent marriage—*e. g.*, a colt dropped by an exempt mare during this interval.

Cases cited and distinguished: Woods *v.* Sullivan, 1 Swan, 507; Forsey *v.* Luton, 2 Head, 184; Vancil *v.* Evans, 4 Cold., 345.

3. SAME. *Same.   Property purchased with, or received in exchange for, exempt property.*

And all property purchased with, or received in exchange for, the exempt property, or its proceeds, between the intestate's death and his widow's death, and on hand at the latter date, vests in his children, to the exclusion of her husband by a subsequent marriage—*e. g.*, a

cow and calf received in exchange for an exempt plow, or a mule held after several exchanges in lieu of an exempt mule.

---

FROM HENRY.

---

Appeal from Chancery Court of Henry County. A. G. HAWKINS, Ch.

FITZGERALD WILLIAMS and M. L. McKENZIE for Sneed.

J. N. THOMASON & SON for Jenkins.

CALDWELL, J. This is an action of replevin, brought in the Chancery Court of Henry County.

In 1883 James Ward died intestate, leaving a widow and four young children. At the time he owned a mare, a mule, a plow, and some other personal property, all of which were exempt to him in his life-time, and passed to his widow and children after his death.

In 1885 the widow married the defendant, Wm. Jenkins; and in 1890 she died, leaving him and her four children by the former marriage surviving.

Before her death the mule left by her first husband was exchanged for another one, and that for still another one, and so on through several

exchanges; but a mule representing the first one was on hand when she died.

The plow was exchanged for a cow and calf, which animals were in her charge at her death.

The mare dropped a mule colt a year or two before the death of Mrs. Jenkins. The mare died before Mrs. Jenkins died, but the young mule survived.

The guardian of the four children filed this bill, after the death of their mother, against Wm. Jenkins, their step-father, to recover from him the two mules, the cow and calf, and some of the personal property left by James Ward to his widow and children, as already stated.

The Chancellor granted the relief sought, and defendant appealed to this Court, and here assigns errors.

The statute under which Mrs. Ward and her children received the first property mentioned from James Ward, and under which her children, through their guardian, since her death, claim that involved in this litigation, is in the following language: "The property exempt by law from execution shall, on the death of the husband, be exempt from execution in the hands of, and be vested in the widow, without regard to the size or solvency of the estate of the deceased, for herself and in trust for the benefit of the children of the deceased, or of the widow, or of both; and it shall not go to the executor or administrator." Code, § 2288.

It is entirely manifest from this language that

Mrs. Ward and her children, one and all, became vested with an interest in the exempted property of James Ward when he died, and that upon the death of any one of those beneficiaries, whether the widow or one of the children, so much of said property as might then remain undisposed of would belong to the survivors. Hence, such of the original property as was on hand when Mrs. Jenkins (formerly Mrs. Ward) died became the property of the four children, all of whom are living.

We think it equally obvious that the older mule and the cow and calf were likewise the property of the four children and their mother, and owned by them in the same manner as was the original mule and the plow with which they were purchased, or rather for which they were taken in exchange; and that these also became the property of the four children when their mother died. The exchange of property passing to Mrs. Ward and her children under the statute, for other property, would not give the latter a different *status* before the law from that of the original property; but the ownership of the property received in exchange would be the same as that of the other, without any increase or diminution of interest in any one.

These propositions we do not understand the learned counsel of appellant to controvert seriously; but his principal contention is that the young mule, the foal of the mare left by James Ward— the mule dropped after the death of James Ward,

and after the marriage of Mrs. Ward to appellant—is subject to a different rule; that, as to all the property, Mrs. Ward was at least a life-tenant, and, as such, entitled absolutely and in her own right to the foal of the mare, and that as to it the marital rights of appellant attached.

It is now well settled, at least in this State, that where a life-tenant is allowed the enjoyment and possession of property in specie all accessions to the property, such as crops, young animals, the offspring of those originally given, etc., belong to the owner of the particular estate, and do not pass to the remainder-man; and if the life-tenant be a woman and marry, the accessions are subject to the marital rights of her husband, and become his property on her death. *Woods* v. *Sullivan,* 1 Swan, 507; *Forsey* v. *Luton,* 2 Head, 184; *Vancil* v. *Evans,* 4 Cold., 345, 346.

Still, we do not think that doctrine applicable to this case. Mrs. Ward was not, technically speaking, the life-tenant of this property. It belonged to her and her children absolutely. So long as the mare was undisposed of, all of them had an interest in her. The title of the mule followed the title of the mare, its dam, under the general rule that the owner of domestic animals is, by operation of law, the owner of their offspring.

By the express terms of the statute, as has already been seen, the exempt property of James Ward was, upon his death, *vested in the widow for*

*herself and in trust for the benefit of his children;*
each of them taking a present, subsisting, benefi-
cial interest.   It was not vested in the widow for
life, with remainder to the children, nor in her ab-
solutely, without reference to the children, but in
her for herself and in trust for the children.   The
ownership passed to her and her children together,
for the benefit of all, and to the exclusion of
none.   Exactly what the relative interests and
rights of the widow and of the children were
while all of them lived, need not be decided
in this case; that question does not arise upon
the record.   That all of them had a beneficial in-
terest from the first is perfectly clear; and, inas-
much as each of them had such an interest in
the mare—and the title of the foal follows that of
the dam—it results, necessarily, that they each had
a present, beneficial interest in the mule, the foal
of the mare.

It is likewise clear that the statute was intended
to benefit the widow and children as a family
in such a sense that, upon the death of one of
them, while the property, or any part of it, is
yet on hand, the interest of such one shall cease,
and the whole ownership pass to the survivors.
Hence, the interest of Mrs. Ward in the mule,
the foal of the mare, as well as in the other
property, terminated at her death, and there re-
mained nothing that her second husband could
successfully claim in her right or as a part of her
estate.

Sneed *v.* Jenkins.

If it were conceded that *her interest* in all the property became *his* by virtue of the marriage, that would put him in no better condition, for that *interest* was extinguished by her death.

Affirm the decree.