COMPTON *v.* PERKINS.

(*Jackson.* June 29, 1893.)

1. EXEMPT PROPERTY. *Widow's rights to.*

The widow becomes the absolute owner of the exempt personal property of the decedent, upon his death leaving no minor children of either, under ¿ 3128 (M. & V.) Code, vesting such property in the "widow, for herself and in trust for the benefit of the children" of either.

Code construed: ¿ 3128 (M. & V.); ¿ 2288 (T. & S.).

Case cited and approved: Sneed *v.* Jenkins, 90 Tenn., 137.

2. SAME. *Second husband takes in preference to decedent's adult children.*

And upon the death of such widow, after a second marriage, her surviving second husband takes such exempt property in preference to the adult children of her first husband.

Cases cited and approved: Williams *v.* Donnell, 2 Head, 695; 120 U. S. 534.

---

FROM CARROLL.

---

Appeal from Chancery Court of Carroll County. A. G. HAWKINS, Ch.

J. P. WILSON for Compton.

Jo. R. HAWKINS for Perkins.

SNODGRASS, J. Thomas S. Compton died in 1888 leaving a widow. He had been twice married, and

several children of the first marriage survived him, all of them being of age. There were no children of the second marriage.

The exempt property was assigned to the widow, and she retained, used, and in part disposed of it during her life. She married again in 1890, and died in 1893. Her second husband was the defendant, W. W. Perkins. He retained such part of the exempt property as was on hand at the death of his wife, claiming it *jure mariti*.

The complainants brought the bill in this cause to replevy the property, and have their right to it determined as children of the original owner, Thomas S. Compton. They averred substantially the facts stated, and insisted that upon the death of their step-mother (with whom it was not averred that they had ever at any time resided) they were entitled to the property.

The defendant demurred, on the ground that the bill showed no right in complainants, but, on the contrary, that defendant was entitled to the property.

The Chancellor overruled the demurrer, and allowed defendant to appeal, which he did, and assigned error to the same purport as the demurrer.

The decree is erroneous. Exempt personal property, on the death of the head of a family, who leaves a wife and children surviving, goes to the widow, for herself, and in trust for the benefit of the children of the *deceased*, or of the *widow*, or of *both*. Code (M. & V.), § 3128.

The "children" here designated are not necessarily the heirs or distributees of either the husband or wife, for they may be either his children alone or hers alone, or those of both. The statute, therefore, is not intended to pass such property to heirs or distributees, in the ordinary sense or in the ordinary way. It designates a class or classes of persons as the objects of its beneficial operation in connection with the widow. Neither is the term "children" used in the more enlarged sense of sons and daughters of either, for it was not intended to provide for the grown and married descendants of husband or wife out of the exempt property of the husband thus vested in the wife "for herself and in trust for the benefit of the children," etc. The word "children" was used in the ordinary sense in which it is understood—as the young sons and daughters of husband or wife, who might constitute properly a part of the family of which the deceased was the head—children in fact, in contradistinction to any descendant who was no longer a child.

This is clearly indicated by the further provision that where there is no widow the property is to be exempt for the benefit of the minor children under fifteen.

In this instance we have the case of a widow surviving, but no children of either of the classes entitled to share with her in the beneficial use and enjoyment of the exempt property. By the plain terms of the statute, she was therefore entitled to

the property absolutely. It is "vested in the widow for herself and for the benefit" of others. If there be no others, the entire beneficial interest is in her.

The exempt property is to serve a special purpose of benefit to the family of a deceased, or that of which he was the head. The widow takes it as a trust for this special use—her own and that of those thus declared entitled to share it with her as a family. If one die, an interest is not distributed. It remains an entirety for use of survivors. *Sneed* v. *Jenkins*, 6 Pickle, 137.

If there be no family but the widow surviving, she is the sole object of the provision of the statute—the sole beneficiary for whom she holds, and, therefore, the absolute owner.

The decree is erroneous. It is reversed, and the bill dismissed with cost.