J. W. WHITWORTH, *Guardian,* v. J. H. HAGER, Administrator.

(*Nashville.*   December Term, 1910.)

1. YEAR'S SUPPORT.  Out of personalty of intestate for children of his predeceased wife by a former marriage, when under age of fifteen years.

The statute (Shannon's Code, section 4022), making provision for a year's support, out of the personalty of a man dying intestate, for the benefit of his children, or those of his widow, or those of both, under the age of fifteen years, includes the children of the intestate's predeceased wife, by her former husband, where they are under the age of fifteen years at the death of such intestate; and the statute includes such children of an intestate man, whether they be those of consanguinity or affinity. (*Post, pp.* 357-365.)

Code cited and construed: Secs. 58, 4020-4023 (S.); secs. 42, 3125-3128 (M. & V.); secs. 41, 2285-2289 (T. & S. and 1858).

Acts cited and construed:  Acts 1813, ch. 119, and sec. 3 [this chapter is numbered 120 in original published Acts, but is numbered 119 in Scott's "Laws of Tennessee, &c."]; Acts 1837-38, ch. 13; Acts 1841-42, ch. 4, sec. 1.

Cases cited and approved: Sanderlin v. Sanderlin, 1 Swan, 441; Maguinay v. Saudek, 5 Sneed, 147; Vincent v. Vincent, 1 Heisk., 343; Norton v. Ailor, 11 Lea, 565; Compton v. Perkins, 92 Tenn., 715.

2. SAME.  Same.  Case in judgment.

Where a man married the mother of two small children by a former marriage, and took them into his home, and made them members of his household, in which relation they continued until the death of their said mother, and for about three years

Whitworth v. Hager.

thereafter, when he sent them to another State to live with their aunt, and they never again lived with him; and nearly a year thereafter he died intestate while they were under the age of fifteen years, it was *held* that said children were entitled to a year's support out of the personal estate of their said step-father. (*Post, pp.* 357-365.)

See citations under the first headnote.

3. EXEMPTIONS. Of personalty of decedent goes to children of his predeceased wife by a former marriage, when under fifteen years of age.

The children of the predeceased wife of a decedent, by a former marriage, under the age of fifteen years at the death of their stepfather, as shown in the preceding headnotes, where he left no other children under that age, are entitled to all his exempt personalty. (*Post, pp.* 357, 358, 365-367.)

Code cited and construed: Sec. 4023 (S.); sec. 3128 (M & V.); secs. 2288, 2289 (T. & S. and 1858).

Acts cited and construed: Acts 1833, ch. 2; Acts 1855-56, ch. 99; Acts 1879, ch. 89.

Case cited and approved: Thompson v. Alexander, 11 Heisk., 313. See also citations under first headnote.

4. CODE OF TENNESSEE (OF 1858). A legislative act, and not a mere revision.

The adoption of the Code of 1858 was a legislative act, and was more than a mere revision of the pre-existing statutes of the State. (*Post, p.* 360.)

Cases cited and approved: State v. Runnels, 92 Tenn., 320; Trust Co. v. Weaver, 102 Tenn., 66; Brien v. Robinson, 102 Tenn., 166.

5. SAME. Repealed all public and special acts revised therein.

Section 41 of the Code of 1858 repealed all public and special acts, the subjects whereof were by that Code revised. (*Post, p.* 360.)

Code cited and construed: Sec. 58 (S.); sec. 42 (M. & V.); sec. 41 (T. & S. and 1858).

Whitworth v. Hager.

## FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—A. B. NEIL, Special Judge.

STOKES & STOKES, for plaintiff.

W. D. COVINGTON, for defendant.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

This case is before us on petition to rehear. It presented two law questions arising out of this state of facts: In the year 1903, J. T. Brent, then a widower with children, intermarried with Mrs. R. J. Crump, a widow with two small children, Norman and Roberta Crump, by her first marriage; after her marriage to Brent, the mother and her two children became members of Brent's household and so continued until 1905, when she died, and thereafter her children continued to be members of Brent's household until November, 1908, when he sent them to Texas to live with their aunt. They remained in Texas some time, and one of them still resides there. The other returned to Tennessee; but neither of them ever

lived with Brent after being sent away. Brent died intestate September 4, 1909, at which time Norman and Roberta Crump were each under the age of fifteen years. Their guardian, Whitworth, petitioned the county court of Davidson county, seeking:

1st. To have a year's support for each of said minors set apart out of the personal estate of said intestate;

2nd. To have the exempt property owned by said intestate at the time of his death set apart for said minors.

No children were born of the marriage between Brent and Mrs. Crump, and all of Brent's children by his first marriage were over the age of fifteen years at the time of his death. The county court sustained the guardian's petition, Brent's administrator appealed, and the circuit court dismissed the guardian's petition, with costs, which judgment the court of civil appeals affirmed, but Mr. Justice Hughes, of that court, dissented in an able opinion, and the case was before us on *certiorari.*

We will first consider the right of the minor to the year's support. By chapter 119 of the Acts of 1813, it was provided that "So much of the crops and provisions on hand as may be necessary for the support of the widow and her family until the expiration of one year from the decease of her husband, shall be set apart and shall be her absolute property." By section 3 of this act, it was provided, in substance, that creditors of the intestate might levy upon the property set apart for the widow, where there was no other property of the intestate to satisfy the debts of his estate. By chapter 13 of the

Acts of 1837-38, the acts of 1813 was amended so as to provide that commissioners "Shall set apart so much of the crops, stock, provisions and moneys on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one year after the decease of her said husband, for the use aforesaid." The act of 1837 expressly repealed the third section of the act of 1813, and destroyed the right of the creditors of the intestate to subject the property which had been set apart for the year's support of the widow, and expressly provided that such property should not be taken by any precept or execution whatsoever. The act of 1837 also enlarged the rights of the widow in respect of the class of property of the intestate from which the widow's year's support might be taken, by adding that it might be taken from "moneys on hand or due, or other assets." The act of 1841-42, chapter 4, section 1, provided that upon the death of any intestate leaving no widow, but minor children under the age of fifteen years, it should be the duty of the county court to appoint commissioners, etc., to set apart the year's support, which, when set apart, shall be the absolute property of such minor children. Thus the legislation stood at the adoption of the Code of 1858. The acts of 1813, 1837, and 1841 were codified and amended by sections 2285, 2286, and 2287 of the Code of 1858, which three sections of that Code were as follows:

Sec. 2285. "Upon the application of the widow of an intestate or of a widow who dissents from her husband's

will, the county court shall appoint three freeholders, unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, moneys on hand or due or other assets, as may be necessary for the support of such widow and her family, until the expiration of one year after the decease of her husband."

Sec. 2286. "And the moneys and effects so set apart shall be the absolute property of the widow for said uses; and shall not be taken into the account of the administration of the estate of said intestate, nor seized upon any precept or execution."

Sec. 2287. "And if there be no widow, or she dies before the year's support is set apart, the same provision shall be made for the children of the intestate or of the widow, or of both, under the age of fifteen."

The above quoted three sections from the Code of 1858 now appear literally in Shannon's Code as sections 4020, 4021, and 4022. The adoption of the Code of 1858 was more than a mere revision of pre-existing statutes of the State; the adoption of that Code was a legislative act, and has been repeatedly so held. *Brien* v. *Robinson,* 102 Tenn., 166; *Trust Co.* v. *Weaver,* 102 Tenn., 66; *State* v. *Runnels,* 92 Tenn., 320.

Section 41 of the Code of 1858 repealed all public and special acts, the subjects whereof were by that Code revised; and, therefore, the acts of 1813, 1837, and 1841 were by the Code of 1858 repealed, said acts not only being revised by the Code of 1858, but also amended by it

Whitworth v. Hager.

as already shown. The amendment to the previous legislation effected by the Code of 1858 appears in Section 2287 of that Code, which section is the same as section 4022 of Shannon's Code. The amendment consists of seven words, to wit: "or of the widow or of both." These seven words were interpolated between the word "intestate" and the words "under the age of fifteen." It is manifest that this change or amendment was a deliberate enlargement of the class of persons who had been theretofore entitled to a year's support out of the estate of an intestate man, and that the added class was intended· by the legislature to be the children of his last wife, whether such children were the fruit of his union with her, or of her union with a former husband, and whether she died before the intestate or after him, and before the setting apart of the year's support. This enlargement of the class of persons who might receive or become entitled to a year's support out of the estate of an intestate man was manifestly intended as a temporary provision for children of tender years, under the age of fifteen, who had been, or at all events should have been, members of the family, and under the care and protection of the intestate. The evident policy of the legislation was humanitarian; the provision was not based upon consanguinity between the intestate and the added class, but upon affinity between them, because of their mutual relationship to the mother of the child or children under the age of fifteen years at the time of the death of the intestate, and furthermore, because of the interest in the added

class, which this mutual relationship would naturally inspire in a man of proper feeling.

This exact question is new, but we believe the view we take of it is in accord with the construction which has been placed by this court on legislation in cases which have involved the rights of the widow to a year's support. As early as 1858, in commenting on the enlargement of the scope of the act of 1813 by the act of 1837, this court in substance said that it evinced a legislative intent to make a liberal allowance to widows in just regard to their affliction, helplessness, and necessities immediately after the death of the husband, and that in carrying out the object and intention of the legislation, the court ought not to interpret the language in a restricted sense, and that the word "family," where the widow's right was involved, was intended to include children, who, being under age, resided with the parent, and constituted part of the family, and that the Code made no difference whether the children were of a former marriage or were the children of the intestate, in either case they would constitute part of the widow's family. *Sanderlin* v. *Sanderlin*, 1 Swan, 441.

In a case decided in 1870, it was held that the year's support of the widow could not be diminished by the removal from her home, without her consent after the death of the husband, of two of his children by a former wife, and in this connection the court said that the policy of the statute was to keep the family together, at least one year after the death of the intestate and to make the

widow the head of the family; and that to allow any part of the funds to be taken from her, and placed in other hands would tend to interrupt the harmonious relations that should exist between members of the same household and to subvert the lawful authority of the widow, either as parent or standing in *loco parentis,* and that the effect of such an order would be to annul the express provision of the statute and to declare that the moneys and effects set apart for the year's support were not the absolute property of the widow. *Vincent* v. *Vincent,* 1 Heisk., 343.

It has also been held by this court that while the husband is not bound by law to maintain a child of the wife by a former husband, yet if he receives such child into his own house, he is then considered as standing in *loco parentis,* and is responsible for the maintenance and education of the child so long during its minority as it lives with him, for by so doing, he holds the child out to the world as a child of his family, and the court in that case said "this is precisely the obligation of the father as re-respects the support of his minor child." *Maguinay* v. *Saudek,* 5 Sneed, 147; *Norton* v. *Ailor,* 11 Lea, 565.

In another case where the question involved was the right of the widow to the exempt property of the estate of her intestate husband, who left surviving him not only the widow but several children by a former marriage, all of whom were of age, there being no children by the second marriage, and in which it was held by this court,

that the widow surviving was the sole object of the pro-
vision of the statute, this court said:

"The 'children' here designated are not necessarily the
heirs or distributees of either the husband or wife, for
they may be either his children alone or hers alone, or
those of both. The statute, therefore is not intended
to pass such property to heirs in the ordinary way. It
designates a class or classes of persons as the objects
of its beneficial operation in connection with the widow.
Neither is the term 'children' used in the more enlarged
sense of sons and daughters of either, for it was not in-
tended to provide for the grown and married descend-
ants of husband or wife out of the exempt property of the
husband, thus vested in the wife for herself and in trust
for the benefit of the children, etc. The word 'children'
was used in the ordinary sense in which it is understood,
as the young sons and daughters of husband or wife, who
might constitute properly a part of the family of which
the deceased was the head, children in fact, in contra-
distinction to any descendant who was no longer a
child." *Compton* v. *Perkins,* 92 Tenn., 715.

It is true that the case of *Compton* v. *Perkins,* supra,
involved the right of the widow to the exempt property,
and not her right to the year's support, and is therefore
not direct authority on this branch of the present case,
still by examination of sections 2288 and 2289 of the
Code of 1858, which are reproduced in Shannon's Code,
as section 4023, it will be seen that the language of the
statute involved in the case of *Compton* v. *Perkins* was

practically identical with that which is the subject of controversy on this branch of the present case, and therefore that the case of *Compton* v. *Perkins,* and the construction there given by this court to this language is of weight, and in harmony with our construction as hereinbefore indicated on this branch of the present case.

It is manifest to us that the Code of 1858 added a third to the two classes of persons already existing who were entitled to a year's support. The acts of 1813 and of 1837 had established the rights of the widow. The acts of 1841 had established the rights of the children of the intestate, either by his last or former marriage under fifteen years of age in cases where there was no widow or where she died before the year's support was set apart.

The Code of 1858 established the rights of the children of the last wife of the intestate under the age of fifteen years, at the date of the death of the intestate whether they were her children by the intestate or her children by a former husband, and so we hold the law to be.

The second question involved in this case is the right of Norman and Roberta Crump to the exempt property of the intestate Brent. By chapter 2 of the Acts of 1833, it was provided "Where any person or persons shall die leaving a wife or a wife and children, or absconds and leaves his family, then and in that case the articles and property now exempt, or which may hereafter be exempt by law from execution sale, shall and may be set apart for the use of the widow, or wife, in the same manner, and to

the same extent, that said property is now exempt from execution where the husband is living."

The Act of 1855-56, chapter 99, provided "That the property now exempt by law from execution, shall on the death of the husband be exempt from execution, in the hands of and vested in the widow (without regard to the size of the estate of deceased) for herself and in trust for the benefit of the children of the deceased, and shall not go to the executor or administrator."

The acts of 1833 and 1855 above quoted were codified and revised and amended by the sections 2288 and 2289 of the Code of 1858, and these sections, as they appear in said Code, substantially reenacted the previous legislation with certain amendments thereto, which were as follows: First, between the word "size" and the words "of the estate" as they appeared in the acts of 1855, the words "or solvency" were interpolated in section 2288 of the Code of 1858; and second, in the same section after the words "children of the deceased" and before the words "and shall not go to the executors or administrators," as they appeared in the act of 1855, the words "or of the widow or of both" were interpolated; and third, the whole of section 2289 of the Code of 1858 was new legislation which had not appeared either in the act of 1833 or in the act of 1855. Said section 2289, as it appeared in the Code of 1858, is:

Section 2289: "And in case there be no widow and the estate be insolvent, such property shall be exempt for the benefit of the minor children under fifteen."

While the law stood as above, the case of *Thompson v. Alexander* was decided in 1872, 11 Heisk., 313, in which it was held that the provision for the children under the age of fifteen made by section 2289 of the Code of 1858 did not apply in a case where the estate was solvent, and after this decision the act of 1879, chapter 89, was passed, the effect of which act was to entitle the minor children under the age of fifteen to the exempt property whether the estate be solvent or insolvent. Section 4023 of Shannon's Code is the legislation accomplished by sections 2288 and 2289 and chapter 89 of the act of 1879, each of the three separate pieces of legislation being combined in the formation of section 4023 of Shannon's Code.

The same argument already made in support of the right of the children in this case to a year's support applies to establish their right to the exempt property; the words "or of the widow or of both," as they appear in section 2288 of the Code of 1858 are significant of the legislative purpose to enlarge the class of persons entitled to take and have the use and benefit of the exempt personal property of an intestate man.

Without further elaboration, the conclusion we have reached is that Norman and Roberta Crump were each entitled to a year's support to be set apart out of the personal estate of the intestate J. T. Brent, and that said minors were also entitled to all of the exempt property owned by decedent at the time of his death; and, therefore, that the judgment of the court of civil appeals and

Whitworth v. Hager.

of the circuit court of Davidson county should be reversed, and the judgment of the county court affirmed, and the cause remanded to the county court for such proceedings there as might be necessary in the premises.