International Baking Co. et al. *v.* Elizabeth Hunter
Polk, *et al.*\*

(*Nashville.* December Term, 1926.)

Opinion filed June 11, 1926.

1. **ADMINISTRATION. Year's support. Widow. Children.**

The widow or children do not succeed to the husband or father's title but acquire the personalty set apart adversely to the administrator by force of the statute for the use intended, in the nature of an exemption. (Post, p. 463.)

Citing: Code 1858, secs. 2285-6-7 and Shannon's Code, sec. 4020; Loftis v. Loftis, 94 Tenn., 239; Graham v. Stull, 92 Tenn., 677; Crenshaw v. Moore, 124 Tenn., 528; Agee v. Sanders, 127 Tenn., 684.

2. **SAME. Same. Same. Allotted How.**

The statute provides a simple and expeditious procedure through the county or probate courts for the accomplishments of the objects intended, that is, to supply the immediate wants of the decedents family for the year following his death. (Post, p. 463.)

Citing: Bayless v. Bayless, 43 Tenn., 363; Rhea v. Greer, 86 Tenn., 62; Rocco v. Cicalla, 59 Tenn., 508; Whitworth v. Hager, 124 Tenn., 363.

3. **SAME. Same. Same. Jurisdiction of county and chancery courts.**

The jurisdiction of the county and probate courts in proceedings to set apart to widows and orphans their year's allowance is exclusive; and the power is only exercised by the chancery court when jurisdiction of that court is waived by the parties. (Post, p. 464.)

Citing: Pritchard on Wills and Administration, sec. 631; Vincent v. Vincent, 48 Tenn., 386; Hall v. Hall, 59 S. W., 203; Boyd v. Marshall, 9 Heisk., 380.

4. **SAME. Same. Upon insolvency and transfer to Chancery Court.**

The pendency of an insolvent proceeding and its transfer to the chancery court for administration of an estate, does not carry to

the latter court the exclusive power over the allotment of the year's support. (Post, p. 464.)

Citing: Shannon's Code, secs. 4020-4064-4093, 4102- 4126.

5. **CODE OF 1858. Force of.**

The Code of 1858 carried all the force of a legislative Act. (Post, p. 463.)

Citing: Brien v. Robinson, 102 Tenn., 116; Trust Co. v. Weaver, 102 Tenn., 666.

---

*Headnotes 1. Executors and Administrators, 24 C. J., section 867; 2. Courts, 15 C. J., section 581; 3. Courts, 15 C. J., section 583.

---

FROM SHELBY.

---

Appeal from Probate Court of Shelby County.—HON. F. M. GUTHRIE, Judge.

EWING, KING & KING, and H. P. ROSERT, for appellant.

SIVLEY, EVANS & McCADDEN, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This appeal comes directly from the Probate Court of Shelby County. Appellants, creditors of Robert S. Polk, deceased, insist that the Probate Court erroneously assumed jurisdiction to allot the year's support under section 4020, Shannon's Code, after the Chancery Court acquired jurisdiction through the bill filed to administer the estate under Section 4002, and subsequent Sections of Shannon's Code.

The Statutes providing the year's support for the widow and children were codified and re-enacted in the Code of 1858 as follows:

"Sec. 2285. Upon the application of the widow of an intestate or a widow who dissents from her husband's will, the County Court shall appoint three freeholders, unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, moneys on hand or due or other assets, as may be necessary for the support of such widow and her family, until the expiration of one year after the decease of her husband."

"Sec. 2286. And the moneys and effects so set apart shall be the absolute property of the widow for said uses; and shall not be taken into the account of the administration of the estate of said intestate, nor seized upon any precept or execution."

"Sec. 2287. And if there be no widow, or she dies before the year's support is set apart, the same provision shall be made for the children of the intestate or of the widow, or of both under the age of fifteen."

The Code of 1858 carried all the force of a legislative Act (*Brien* v. *Robinson,* 102 Tenn., 116; *Trust Company* v. *Weaver,* 102 Tenn., 66), and the foregoing sections embrace all the existing Statutes conferring jurisdiction for the assertion of the widow's right. These Statutes provide a simple and expeditious procedure through the county or Probate Courts for the accomplishment of the objects intended, that is to supply the immediate wants of the decedent's family for the year following his death. *Bayless* v. *Bayless,* 4 Cold., 363; *Rhea* v. *Greer,* 86 Tenn.. 62; *Rocco* v. *Cicalla,* 12 Heisk., 508; *Whitworth* v. *Hager,* 124 Tenn., 363.

The widow does not succeed to the husband's title but acquires the personalty set apart as the year's support adversely to the administrator by force of the Statute, and her assertion of the right results in the assignment

and separation from the estate of the portion allotted as the year's support. The title passes to the widow for the use intended, not as a debt due her, but rather in the nature of an exemption. *Loftis* v. *Loftis,* 94 Tenn., 239; *Graham* v. *Stull,* 92 Tenn., 677; *Crenshaw* v. *Moore,* 124 Tenn., 528; *Agee* v. *Sanders,* 127 Tenn., 684.

The Statutes carried into Section 4066 and subsequent sections of Shannon's Code, regulate the administration of insolvent estates in the County and Chancery Courts, the jurisdiction of the respective courts being dependent upon the value of the estate. These Statutes are designed to avoid waste through a single proceeding where the claims of all creditors may be adjudicated. Under the insolvency proceeding, whether in the County or Chancery Court, the personal assets are administered, and subject to prior liens ratably applied to debts, and the real estate or a sufficiency is subjected to the claims of creditors. The jurisdiction of the Chancery Court does not extend to estates less than $1000 in value. Over these the County Court is given exclusive jurisdiction, and the procedure through the County Court is regulated by Statute. The Act confers power upon the Chancery Court (Shannon's Code, secs. 4102-4122), similar to those given the County Court and its clerk under Section 4066 and subsequent sections. These Statutes regulate the course of administration without reference to the allowance of the widow's year's support. The jurisdiction of the County Court and Probate Court in proceedings to set apart to widows and orphans their year's allowance is exclusive. Pritchard on Wills & Administration, sec. 631. We find no state that confers jurisdiction upon any other court over the allotment of the year's support.

The power has only been exercised by the Chancery Court when jurisdiction of that Court was invoked by

the widow and waived by the other parties or when waived by the widow as in *Vincent* v. *Vincent,* 1 Heisk., 333. In that case the widow invoked the jurisdiction of the Chancery Court and it was not resisted by plea in abatement, demurrer or motion to dismiss. The failure was held to amount to a waiver of jurisdiction as in *Boyd* v. *Martin,* 9 Heisk., 386. Likewise in *Hall* v. *Hall,* 59 S. W., 203, both parties waived the jurisdictional objection.

So far as this record discloses the bill filed in the Chancery Court made no reference to the widow's year's support. Probably the administrator assumed that the widow would not dissent from the will. Without her formal dissent within a year after probate (Shannon's Code, sec. 4146), the widow could not assert right to the year's support under Section 4020, Shannon's Code.

Robert S. Polk died testate in March, 1924, leaving his widow and one child age nine years. The will was probated and Walter Hunter qualified as administrator with the will annexed. Proceedings to reduce the penalty of the administrator's bond which appear in the record, show that the value of the personal estate including money that went into the hands of the administrator aggregated $30,286.81. May 29, 1924, the administrator suggested the insolvency of the estate, filed the bill in the Chancery Court to administer the estate as insolvent, and an order was made transferring the administration from the County Court. November 5, 1924, the widow formally dissenting from her husband's will and immediately applied for the appointment of commissioners to set apart the year's support. Commissioners were appointed by the Probate Court who allotted as the year's support to the widow and child, $7500 out of the moneys in the hands of the administrator. The creditors filed a number of exceptions to the report, all of which were overruled,

and a final judgment entered confirming the report of the commissioners. From this judgment the creditors prayed and were granted an appeal. On appeal all the objections presented to the action of the Probate Court are abandoned except those challenging the jurisdiction. It is urged that the transfer of the administration to the Charcery Court carried to that Court the exclusive power over the allotment of the widow's year's support.

The object of the bill filed in the Chancery Court by the administrator was to administer the estate through the proceding in the nature of a creditor's bill, without relation to the exemptions or allowances made by Statute for the benefit of the widow and child. The effect of the order transferring the administration to the Chancery Court was to denude the Probate Court of Jurisdiction over the administration of the estate. If jurisdiction could be waived it was not done by either the widow or the administrator.

In her application for the year's support the widow did not assert any right against the administrator or the creditors of the estate. They asserted a right given by statute to institute a proceeding to separate the year's support from the assets of the estate and to take the part that might be allotted as the year's support out of the course of administration. In this situation the Probate Court properly exercised the jurisdiction conferred by Statute.

Affirmed.