HOLDEN *v.* McBROOM *et al.*

(*Jackson*, April Term, 1938.)

Opinion filed May 28, 1938.

CRAIG, DURHAM & CARNEY, of Ripley, for appellant, administratrix et al.

J. L. SLOAN, of Ripley, for appellee, guardian, etc.

MR. JUSTICE COOK delivered the opinion of the Court.

The petition was filed in the County Court against the widow of Jason Snyder, who is also the administratrix, to recover $300.00, a portion of the proceeds of an adjusted service certificate issued under Act of Congress, 38 U. S. C. A., section 641 et seq., to Jason Snyder, a war veteran.

It appears from the petition that Jason Snyder held an adjusted service certificate for $649.50. Before death he applied for a conversion of the certificate into bonds, as provided by the Federal statute. Before delivery of the bonds Snyder died and the proceeds of the certificate, consisting of twelve $50.00 bonds and a check for $49.50, passed to the hands of his widow as administratrix. The defendant as administratrix made a settlement with the County Court Clerk and upon settlement retained six of the bonds and delivered six to the petitioner Holden, as guardian for Atholene Snyder, the only child of Jason Snyder. Holden then returned the bonds to the administratrix so that she might convert them into money. After the bonds were returned to Mrs. Snyder (now Mrs. McBroom) she refused to surrender them. In the meantime, she married McBroom and moved her residence from this State to Arkansas, but she left the proceeds of the bonds in a bank at Ripley. Mrs. McBroom, a nonresident, was brought before the court to answer the petition by attachment and garnishment upon the bank and by publication.

The age of Atholene Snyder is not shown by the petition, nor is her residence. It is not shown whether she is the daughter of Mrs. McBroom, but it may be inferred from a statement in the answer of Mrs. McBroom that she is not. There is nothing in the record from which it may be inferred that Atholene Snyder is now a member of the family that succeeded her father.

The defendant, for the most part, admitted the statements in the petition, but by way of answer, added that the $300.00 of bonds were surrendered by her to Holden as guardian through mistake of law and upon advice of Mr. Sloan, now attorney for the petitioner. It is infer-

able from the record that Mrs. McBroom supposed that Atholene Snyder was entitled to half the proceeds of the personal estate under the statute of distribution. It appears from the answer that when the bonds were returned to Mrs. McBroom under circumstances heretofore shown that she asserted claim to them upon advice of counsel that they were not assets of the estate subject to administration, but passed to her as exempt property, or as property that should be subject to her year's support. It is shown by the answer that the entire personal estate of Jason Snyder consisted of the $649.50 proceeds of the adjusted service certificate. The defendant denied that there was any agreement with Holden that the proceeds of the bonds were to be returned to him. The answer of Mrs. McBroom was filed as a cross-bill. The petitioner demurred to the cross-bill (1) because the proceeds of the certificate were exempt under the Federal statute and not subject to the administration under the laws of this State; (2) because defendant as administratrix could not, after surrendering the bonds to the guardian of Atholene Snyder, recover and appropriate them to her own use; (3) because the year's support cannot be set apart from property exempt from execution.

The trial judge sustained the demurrer to the cross-bill. The cause was then heard upon the original petition and answer and the petition was sustained and recovery awarded to the petitioner as guardian for the sum of $300.00. The defendant appealed and insists that the County Court erred because there is no basis for holding that the child is entitled to the proceeds of the bonds to the exclusion of the widow.

The year's support sought by the defendant in her cross-bill cannot be set apart from the proceeds of the

bonds because they are exempt property. *Agee* v. *Saunders,* 127 Tenn., 680, 157 S. W., 64, 46 L. R. A. (N. S.), 788. This is so because the value of the personal estate as shown by the record did not exceed $750.00. By Code, section 7701, personal property of that value, to be selected by the head of the family, is exempt from execution. Here, the estate, consisting of bonds and money and having a definitely fixed value of less than $750.00, rendered it unnecessary for the head of the family to establish the right to the exemption by selection.

██ ██ By Code, section 8234, personal property exempt from execution passes, upon the death of the husband, to his widow for herself and in trust for the benefit of his children under the age of fifteen years. In this case the widow and child, if under fifteen years of age, took a present, joint and beneficial interest in the property here involved immediately upon the death of Jason Snyder. *Sneed* v. *Jenkins,* 90 Tenn., 137, 16 S. W., 64. As held in *Compton* v. *Perkins,* 92 Tenn., 715, 23 S. W., 66, the widow took the property in trust for her own use and benefit and that of the daughter, Atholene, if under the age of fifteen years. The relative interest of the widow and child entitled to benefits of the exemption under the statute referred to is not made clear by any statute or decision of this State, but the substance of our decisions construing the statute is that the widow takes the exempt personalty in trust for her own use and for the use of those entitled to share it, and if one of the beneficiaries dies, his or her interest is not distributable, but the property remains as an entirety for the use of the survivors, or survivor. *Whitworth* v. *Hager,* 124 Tenn., 355, 140 S. W., 205.

It is not made to appear from the record that Atholene

Snyder is under the age of fifteen years. If she is not, she would have no interest in the exempt property. It would belong to the widow as an entirety and the petitioner as her guardian could not maintain this action. If the child Atholene is under the age of fifteen, Mrs. McBroom, who holds the property in trust for the uses intended, could not deprive the child of a beneficial interest, nor could Mrs. McBroom dispose of the property so as to defeat the child's rights to share the benefit, or to succeed to such portion of the exempt property as was left after the death of either before Atholene became fifteen years of age.

While children not members of the family cannot claim benefits of the year's support under Code, section 8232, under decisions construing that section we find no case extending the rule to the exemptions allowed by Code, section 8234. See *Carey* v. *Carey,* 163 Tenn., 486, 494, 43 S. W. (2d), 498. While there can be no distribution or apportionment of the exempt personalty among the beneficiaries of the trust held by the widow, the proceeds may be used to aid in the maintenance of a particular child or children to the exclusion of others who are otherwise provided for. It was so held in *Burress* v. *Wheeler* (ms. opinion, December Term, 1882).[1]

Inasmuch as the fund involved was derived from exempt personalty that passed to the widow in trust for the use of herself and child under Code, section 8234, subject to the uses heretofore shown, the petitioner cannot recover the child's interest to the exclusion of the widow, nor can the widow retain the exempt property or dispose of it to the exclusion of the child under fifteen. It appearing that Mrs. McBroom has removed from this

[1]No opinion for publication.

State and is a resident of Arkansas, she should not be authorized to appropriate the proceeds of the trust in her hands to her own use by taking it beyond the jurisdiction of the courts of this State, where the rights of the dependent child, if under fifteen years of age, cannot be protected.

It necessarily follows, therefore, that the judgment of the County Court should be reversed and the cause remanded for further proceedings in conformity with this opinion. It should be determined (1) whether Atholene Snyder is under the age of fifteen years. If she is not under the age of fifteen years, the petition should be dismissed without more. If she is under the age of fifteen years, and resides in the home of the widow, Mrs. McBroom, where she can share the joint benefits of the exempt property, the petition should be dismissed. (2) If Atholene Snyder is under the age of fifteen years and is a resident of Tennessee, then there should be such further proceedings as may be found necessary to protect the joint beneficial interest of the child in the exempt property and prevent the non-resident widow from disposing of it or converting it to her exclusive use. (3) If the parties cannot agree upon a fair apportionment for use of each, the County Court should do so after considering the situation of the parties and all the surrounding circumstances.

Reversed and remanded.