## JAMES H. GILBERT *v.* COWAN, MCCLUNG & CO.

HOMESTEAD. *Legal estate may be levied on and sold.* The legal estate of the head of a family in land set apart to him as a homestead may be levied on by execution and sold subject to the homestead right.

### FROM KNOX.

Appeal in error from the Circuit of Knox county. S. A. RODGERS, J.

CORNICK & CORNICK for Gilbert.

LOGAN & LUCKEY for Cowan, McClung & Co.

COOPER, J., delivered the opinion of the court.

The defendants are judgment creditors of the complainant, and caused execution to issue thereon. The complainant owns a lot in Knoxville on which he resides, with his family, as a homestead. The sheriff summoned three freeholders to set apart the homestead under the statute. These freeholders were of opinion that the lot and improvements were worth $1,000, and set apart the whole lot as a homestead. The defendants thereupon caused their execution to be levied on the lot, subject to the homestead right. This bill was filed to enjoin a sale under this levy. The defendants demurred because the bill shows that defendants are only seeking to sell the reversionary fee or interest of the complainant in the lot subject to the

homestead right. The Chancellor sustained the demurrer on the strength of *Moore* v. *Hervey*, 1 Leg. Rep., 22. That was a sale of the reversionary estate under a mortgage by the husband alone, subject to the homestead right. The reasons given are that the sale would not interfere with the homestead, and that a postponement of the sale to the end of the homestead estate would often defeat creditors altogether, and these reasons still more forcibly apply to the case of a judgment creditor.

The decree will be affirmed with costs.