## HOWELL v. JONES.

### (*Jackson.* April 19, 1892.)

1. HOMESTEAD. *Does not attach to a reversionary interest.*

   Homestead does not attach to a reversionary interest in land. The claimant of homestead must have the right of present occupancy, though it is not essential, since Act 1879, that he have actual occupancy of the land to entitle him to homestead.

   Cases cited and approved: Jackson v. Shelton, 89 Tenn., 88, 89; Arnold v. Jones, 9 Lea, 548; Fauver v. Fleenor, 13 Lea, 622; Flatt v. Stadler, 16 Lea, 371; Roach v. Hacker, 2 Lea, 633; Henry v. Wilson, 9 Lea, 176; Rhea v. Rhea, 15 Lea, 527; Apple v. Apple, 1 Head, 348.

2. SAME. *Widow's right dependent upon husband.*

   Unless the husband had the right of homestead in lands at his death, his widow can have none.

---

FROM WEAKLEY.

---

Appeal from Chancery Court of Weakley County. H. J. LIVINGSTON, Ch.

CHARLES M. EWING for Jones.

J. W. THOMAS for Howell.

LURTON, J. The question presented in this record is as to whether a widow is entitled to home-

stead in property owned by her deceased husband, but which, at the time of his death, was in the actual occupancy of the widow of his father, it having been assigned to her as a homestead. Can there be two homesteads in the same land at the same time? Under our Act of 1879, it is not essential to the right of homestead that the claimant should be in the actual occupancy. So may a homestead be assigned in an estate for life. 9 Lea, 548. By express statute it exists in equitable estates. 13 Lea, 622. But a homestead is not an estate in land but a right of occupancy. 13 Lea, 622; 16 Lea, 371. The debtor's lands may be sold subject to this right of homestead, or the reversion sold as such. 2 Lea, 579; 16 Lea, 371.

The right under our statute, as construed by our predecessors, is neither more nor less than a right of use or occupancy, which cannot be conveyed except in the manner provided by the Constitution, and is exempt from the demands of creditors.

Before the Act of 1879, actual occupancy was essential to the claim of homestead. 2 Lea, 633; 9 Lea, 176. Since that Act actual occupancy is not essential. 15 Lea, 527. But, being a mere exemption of a right of occupancy, the right of personal occupancy is essential to the existence of the homestead. The exemption is one in favor of the husband. If none existed in his favor, none passed to his widow.

The lands in which Mrs. Jones has been as-

Howell *v.* Jones.

signed homestead, were lands in which her husband had no homestead exemption, by reason of the fact that the widow of his father was in possession under her own homestead exemption. The right of her husband was in the remainder, and he had no right of present occupancy. He owned and occupied a wholly different tract of land. His right of homestead was, therefore, limited to the land in which he had a present right of occupancy. His widow had no right superior to that of her husband. We are, therefore, of opinion that a right of homestead does not exist in a reversionary interest.

This is clearly the conclusion from the decision in *Jackson, Orr & Co.* v. *Shelton,* 89 Tenn., 88, 89, and is the rule applicable to dower. *Apple* v. *Apple,* 1 Head,· 349. The County Court erred in assigning homestead out of the lands subject at the death of Mrs. Jones' first husband to the homestead of the widow of his father. She was entitled, however, to homestead in the tract owned and occupied by her husband.

Reverse and remand for a re-assignment. Jones and wife will pay all costs accrued to this decree.