SANDRA WADDY

*v.*

ROY WADDY

*(Jackson,* April Term, 1956.)

Opinion filed April 27, 1956.

Rehearing Denied June 8, 1956.

WILLIAM E. LEECH, Jackson, for appellant.

G. L. MORRISON and HANCOCK & MANHEIN, Jackson, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This suit was filed by a judgment creditor, after *nulla bona* returns, seeking a sale of the interest as a tenant by the entirety of a house and lot situated in Jackson. The other tenant by the entirety, Reba H. Waddy, was dismissed as a party defendant. The real estate is encumbered by a deed of trust which secures an installment note in favor of The Equitable Life Assurance Society of $5,412.26.

The defendant Waddy by motion requested the appointment of freeholders to set aside a homestead to him, and if they found the real estate could not be divided that the Court reinvest the first $1,000 in the purchase of his homestead. The Chancellor held that the defendant Waddy was entitled to a homestead, but overruled his request that a homestead be set aside to him, or the first $1,000 be reinvested for his homestead. The Chancellor entered a decree ordering a sale of the property subject to the homestead rights of the defendant, Roy Waddy.

The Chancellor permitted a discretionary appeal following this decree.

■ It appears that the defendant, Roy Waddy, and Reba Waddy are the owners of the property in question as tenants by the entirety. This estate is subject to homestead. *Jackson, Orr & Co. v. Shelton,* 89 Tenn. 82, 16 S.W. 142, 12 L.R.A. 514.

It is stated that the house and lot in question is worth about $6,000, and the judgment creditor's claim is about $600.

■ We think the Chancellor made proper disposition of the case by decreeing that defendant's interest in the property be sold subject to the defendant's homestead right. Of course, if the defendant pre-deceases his wife, complainant would get nothing in the transaction. If he outlives his wife then this interest would continue in existence or rather the fee would go to the husband of purchaser subject to the mortgage debt.

The value of this property is fixed at about $6,000 in which the defendant and his wife have an equity of about $700. The value of the defendant's interest as the purchaser would take nothing if the wife proved the survivor, *Cole Manufacturing Co. v. Collier,* 95 Tenn. 115, 31 S.W. 1000, 30 L.R.A. 315, and manifestly would be far less than $1,000, thereby requiring the sale as the lower court held, to be subject to the homestead of the defendant and his occupancy.

We find no error in the decree of the Chancellor and it is affirmed.