Mrs. Winslow Chapman, Administratrix of the Estate
of Charles S. Chapman, Deceased

*v.*

John H. Tipton, Trustee, et al.

(*Jackson,* April Term, 1956)

Opinion filed April 27, 1956.

Rehearing Denied June 8, 1956.

A. P. SMITH, Covington, guardian *ad litem* for minor defendants-appellants.

WILLIAM D. GRUGETT, Covington, for J. H. Barret & Son, Appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant, Mrs. Winslow Chapman, filed her original bill in the Chancery Court as administratrix of the estate of Charles S. Chapman, deceased, to wind up his estate. Among the numerous persons named in the bill as defendants are Eveleth Winslow Chapman and Mary Chilton Chapman, both of whom are minors under 15 years of age at the time of their father's death. The

deceased and the mother of these defendants were divorced, and he was unmarried at his death.

The bill alleges that at the time of the death of Mr. Chapman he owned a small tract of land in Tipton County, Tennessee, which was encumbered by a deed of trust and which was foreclosed after his death. The surplus of $1,505.78 was paid into court by the trustee. In addition the personal assets of the estate in the hands of the administratrix amounted to $1,067.09. These items composed all of the assets of the decedent. The bill charged that the estate was insolvent, and there were not sufficient assets to pay the claims of all creditors. A list of the creditors and the amounts due them are set out in the bill. No exceptions were filed in the county court.

A guardian *ad litem* was appointed by the Chancellor who filed a formal answer and also filed a written motion to the effect that the said minors be allowed a year's support out of the $1,067.09 which represented the proceeds from the sale of personalty and that they be allowed homestead interest in the $1,505.78, representing the surplus proceeds from the sale of realty under the foreclosure proceedings. These sums of money were paid into the Chancery Court.

One of the creditors named in the bill, J. H. Barret and Son, demurred to the foregoing petition upon the following grounds:

"That the original bill and the motion filed by the said defendants shows on their face that the said defendants are children of the said C. S. Chapman, deceased and Mrs. Winslow Chapman and that the said C. S. Chapman and Mrs. Winslow Chapman

were divorced and the said defendants are in the care and custody of Mrs. Winslow Chapman, and have been since the divorce and that therefore they are not entitled to relief that they seek in said motion.''

The Chancellor sustained the demurrer and allowed a discretionary appeal to this Court. Appropriate assignments of error have been seasonably filed, complaining of the action of the Chancellor in disallowing the relief sought in the motion to grant these minors the year's support and homestead.

We feel that the Chancellor's decree is correct. The motion of the guardian *ad litem* was treated as a petition.

The original bill shows without doubt that the deceased and the mother of the minor defendants had been divorced.

Section 36-824 T.C.A., provides that if the head of a family is married and his wife obtains a divorce on account of his fault or misconduct, the title to the homestead shall be vested by decree of the court granting the divorce in the wife, and after her death shall pass to their minor children. It is pointed out by the Chancellor in his opinion that in the sale of decedent's land under the foreclosure proceedings there were no claims of any dower. This being true there was no homestead assigned to her in the divorce case.

The Chancellor sustained the demurrer principally upon the case of *Carey v. Carey*, 163 Tenn. 486, 43 S.W.2d 498, which holds:

''Upon granting a divorce to a wife, a court may vest in her the title to the husband's homestead

exemption, which would pass to their children at her death; but this right of the wife is lost when she does not seek or obtain it in the divorce proceeding."

In further support of the foregoing principle see 36 A.L.R. 443, and 97 A.L.R. 1099. These authorities were cited by the Chancellor. They are clearly applicable to the case now under consideration.

The guardian *ad litem* in support of his contention relies upon Sections 30-802, 30-805, T.C.A. The latter section reads as follows:

"If there be no widow, or she die before the year's support is set apart, the same provision shall be made for the children of the intestate, or of the widow, or of both, under the age of fifteen (15)."

The fatal weakness of the foregoing contention is the fact that the deceased was unmarried and had no widow at his death. The policy of the law in granting the widow and minor children homestead in the lands of the deceased husband and father is "to keep the family together, at least for a year and to make the widow the head of the family." *Carey v. Carey, supra.* In the same case, the Court holds:

"The common law obligation of a father to support his minor children terminates with death; hence, a father's estate cannot be charged with the support of his minor children after the date of his death."

We feel that the case relied on by the Chancellor, to wit, *Carey v. Carey, supra,* controls this case. The Chancellor's decree is affirmed.