**HAMILTON NATIONAL BANK OF KNOXVILLE, Executor of the Estate of John Edd Bradley,**

v.

**UNITED STATES of America.**

**Civ. A. No. 4798.**

United States District Court
E. D. Tennessee, N. D.

March 3, 1964.

H. H. McCampbell, Jr., Knoxville, Tenn., for plaintiff.

Herbert O'Dell, Tax Division, Department of Justice, Washington, D. C., for defendant.

ROBERT L. TAYLOR, Chief Judge.

OPINION AS RENDERED FROM THE BENCH

This is a suit to recover Federal estate taxes in the sum of $1,538.25, with interest, allegedly overpaid by the Hamilton National Bank of Knoxville, executor of the estate of John Edd Bradley, who died on March 10, 1961.

The parties agree that the sole question involved is whether the year's support provided by the laws of Tennessee for the surviving spouse was a terminable interest within the meaning of Section 2056 of the Internal Revenue Code of 1954.[1]

1. "§ 2056.  Bequests, etc. to surviving spouse

"(a) *Allowance of marital deduction.* —For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by sub-

sections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent

The year's support is provided for by Section 30–802, Tennessee Code Annotated.[2]

A year's support is also provided for the surviving children in the absence of the survival of the widow by Section 30–805,[3] and exemptions with respect thereto are found in 30–807,[4] Tennessee Code Annotated.

The parties have stipulated all of the pertinent facts in the case, and the brief of the Government will be used freely in

that such interest is included in determining the value of the gross estate.

"(b) *Limitation in the case of life estate or other terminable interest.*—

"(1) *General rule.*—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

"(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest. so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even. if such deduction is not disallowed under subparagraphs. (A) and (B).)— .

"(C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

"(2) *Interest in unidentified assets.* —Where the assets (included in the decedent's gross estate) out of which, or the proceeds of which, an interest passing to the surviving spouse may be satisfied include a particular asset or assets with respect to which no deduction would be allowed if such asset or assets passed from the decedent to such spouse, then the value of such interest passing to such spouse shall, for purposes of subsection (a), be reduced by the aggregate value of such particular assets.

"(3) *Interest of spouse conditional on survival of limited period.*—For purposes of this subsection, an interest passing to the surviving·spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—

"(A) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

"(B) such termination or failure does not in fact occur."

\*        \*        \*        \*        \*

2. § "30–802. *Year's support set apart for widow and family.*—Upon the application of the widow of an intestate, or of a widow who dissents from her husband's will, the county court shall appoint three (3) free-holders, unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one (1) year after the decease of her husband."

3. § "30–805. *Year's support given children when no widow surviving.*—If there be no widow, or she die before the year's support is set apart, the same provision shall be made for the children of the intestate, or of the widow, or of both, under the age of eighteen (18)."

4. § "30–807. *Property exempt from execution—Exemption vesting in widow for herself and in trust for children.*— The property exempt by law from execution shall, on the death of the husband, be exempt from execution in the hands of, and be vested in, the widow, without regard to the size or solvency of the estate of the deceased, for herself and in trust for the benefit of the children of the deceased, or of the widow, or of both, and shall not go to the executor or administrator, and, in case there be no

the statement of the facts in this memorandum.

John Edd Bradley died with will on March 10, 1961. His will provided that all his assets were to be placed in trust, one share for each of his then living children. Certain property was turned over to the children and the remaining assets in trust for them until they reached the age of 25. The Trustee was to use the income of the trust to support and educate the children until each attained the age of 25. If a child died before reaching the age of 25, his heirs were to take his share, but if he had no heirs, his share was to go to the other children equally. The Hamilton National Bank of Knoxville was appointed executor of the deceased's estate.

Mrs. Dora Bradley, the decedent's second wife and spouse at the time of his death, dissented from the will on April 11, 1961. Her dissent was based upon the fact that no provision was made for her in the decedent's will. She applied for a year's allowance pursuant to the applicable Tennessee statutes. On April 27, 1962, the commissioners appointed by the Court set apart for her $8,400.00 as a year's support allowance.

John Edd Bradley was survived by a child of a previous marriage who was eight years of age. This child was awarded to its mother in the decree by which she was divorced from decedent, and did not live with decedent or his second wife (the widow in this case) at the time of decedent's death. This child was living on the date that this support allowance was awarded the widow. The bank filed a Federal estate return on May 1, 1962. In computing the amount of the marital deduction, the bank included the amount of the support allowance awarded the widow. The Director of Internal Revenue disallowed the deduction to the extent that it included the one year's support for the widow. In due course, an estate tax deficiency was determined and paid. Thereafter, a claim for refund was filed by the estate and was disallowed by the commissioner.

The purpose of this suit is to collect the refund. Plaintiff contends that the estate is entitled to the refund because the widow received the year's support without restrictions. That is, her interest was not a terminable interest within the meaning of the Section 2056 of the 1954 Code, which was an unqualified, unrestricted, and irrevocable interest, that the widow took in the nature of a fee simple title to the money that represented her year's support and that she was vested with the unconditional power and right to do what she pleased with it.

On the other hand, the Government contends that under the laws of Tennessee, the year's support did not vest in the widow indefeasibly at the time of the decedent's death, but her interest in it was a terminable interest which prevents it from qualifying for the estate marital deduction.

In this connection, it was agreed by both sides in their respective arguments that the interest, or the character of the interest that was vested in the widow to her year's support was and is controlled by the law of Tennessee that was in existence at the time of the death of the decedent. The Government says that the right to a year's support is determined as of the instant of the decedent's death and that this must be so in order to determine whether it qualifies for the estate tax deduction, that the right of the widow to the year's support is contingent upon her living until the award is actually made, and this factor makes the interest of the widow a terminable one. The Government says further that since the decedent had children surviving him, the children would take that portion of the proceeds of the year's exemption to the widow which was in her possession at the time of her death, and that this factor likewise makes the year's support a terminable interest within the meaning of the statute.

widow, and the estate be either solvent or insolvent, such property shall be exempt for the benefit of the minor children under eighteen (18)."

At the beginning of this hearing, it was announced by counsel that the stipulation of facts was to be supplemented by an additional stipulation to the effect that the bonds of matrimony were dissolved between the decedent and his first wife and that the decree of the Court in that proceeding provided that the decedent should pay to his children $200.00 per month until a specified time. This additional stipulation to which will be attached a certified copy of the decree is treated as having been filed, and will be considered a part of the record at this time.

Section 30–803, TCA, provides:

"The moneys and effects so set apart shall be the *absolute property* of the widow for said uses, and shall not be taken into the account of the administration of the estate of said intestate, nor seized upon any precept or execution." (Emphasis added.)

The wording of this statute makes it clear that when the widow's year's support was set aside in this case, it was her "absolute property."

Section 2056 of the 1954 Revenue Code states in effect that that "which *passes* (emphasis of the Court) or has passed from the decedent to his surviving spouse," shall be included in the allowable marital deductions.

The question before the Court in this case has been dealt with many times by the Federal courts in applying statutes of various states. The question was involved in the case of Dougherty v. United States, July 10, 1961, and reported in 292 F.2d 331 (C.A. 6). The opinion in that case was written by Judge Shackelford Miller who dealt with the Kentucky law. He held that: "The marital deduction should have been allowed as to the cash amount received by a widow in settlement of her dower interest in property owned by the decedent and others as tenants in common." He analyzed thoroughly the Section 2056 of the 1954 Code including the various sub-sections and

concluded with this pertinent language at page 337:

"The problem here involved has been heretofore considered by the Court of Appeals in the Eighth and the Fifth Circuits. United States v. Traders National Bank of Kansas City, supra, 8 Cir., 248 F.2d 667; United States v. Crosby, supra, 5 Cir., 257 F.2d 515. In both of these cases the Court held that the money received by the widow was not a terminable interest. We agree with the ruling in those cases and with the reasoning of the Court in support of such ruling. As stated in the Crosby case, the provisions of the Internal Revenue Code applicable to the facts of this case should be liberally construed and applied to the purposes of their enactment. The purpose of the provision was to extend to married taxpayers in common law states the advantages of residents of community property jurisdictions by permitting a surviving spouse to acquire, free from estate tax exaction, one-half of what is referred to as the adjusted gross estate of the deceased spouse. Generally speaking, the 'terminable interest' concept was devised for the purpose of assuring that if the property bequeathed to the spouse was to be excluded from the gross estate of the decedent, it would be adequately integrated in the spouse's estate so that on her death, it would not escape the death tax a second time. 'The basic principle * * * is that the spouse first to die shall be permitted to pass on to the surviving spouse free of estate tax up to one-half of his or her estate, provided only that the terms of the transfer are such that this property will be taxable in the estate of the surviving spouse.' Estate of Pipe v. Commissioner, 23 T.C. 99, 104. Under this construction of the Act, we are more concerned with what the widow actually received in

the settlement of her husband's estate than with what she was technically entitled to receive but actually did not receive. The transaction is materially different from an allotment of dower in the settlement of the estate and a subsequent sale by her of such allotment. The Government contends that the Traders National Bank case and the Crosby case are distinguishable from our present case, but we are of the opinion that the distinguishing features pointed out by it are not sufficient to prevent the rulings from being applicable."

Judge Shelbourne of the United States District Court at Louisville ruled in the case of Moore v. United States, 214 F. Supp. January 14, 1963, page 603 (W. D.Ky.), that an amount paid to a widow in settlement and compromise of her dower interest in the husband's real estate qualified for marital deduction where real estate could not be partitioned between widow and other heirs without materially impairing its value or the value of the respective parties, and the agreement was negotiated in good faith to avoid cost of litigation, with respect to the value of the dower interest and a forced sale of the real estate.

Judge Levin, another District Judge of our Circuit, held in the case of Reynolds' Estate v. United States, 189 F. Supp. 548 (E.D.Mich.S.D.), December 6, 1960, that under Michigan Law the statutory widow's allowance payable in monthly installments for a period of one year is a vested and indefeasible interest which falls outside the terminable interest provision of the Internal Revenue Code and thus qualifies for the estate marital deduction allowed by the Code. See United States v. Hiles, 318 F.2d 56 (C.A. 5); United States v. First National Bank and T. Company of Augusta, 297 F.2d 312 (C.A. 5); First National Exchange Bank of Roanoke v. United States, 217 F.Supp. 604 (D.C.W.D.W. Va.); Molner v. United States, 175 F. Supp. 271 (D.C.N.D.Ill.); National Bank of Orange v. United States, 218 F.Supp.

907 (D.C.E.D.Va.); and, 28 Am.Jur., Section 236—Inheritance, Estate and Gift Taxes—p. 178. This citation deals generally with the statutory allowance for the support of a widow. It is not directly in point with the case under consideration. See also, 85 C.J.S. Taxation § 1143 paragraph 2 entitled "Allowance to Widow and Children for Support, Widow's Exemption," at page 899.

Tennessee cases characterizing the nature of a year's support to the widow and kindred allowances allowed to the members of the family of the deceased are: Crenshaw v. Moore, 124 Tenn. 528, 137 S.W. 924; McAdams v. McAdams, 177 Tenn. 67, 146 S.W.2d 140; Holden v. McBroom, 173 Tenn. 212, 116 S.W.2d 1013. In the Crenshaw case, the Court held that the widow acquired the year's support as her own, free from state inheritance taxes.

The Court is of the opinion and finds that the year's support received by the widow in the case under consideration was not a terminable interest within the meaning of Section 2056 of the Internal Revenue Code, 1954, unless the supplemental stipulation materially changes the interest of the widow as interpreted by the appellate courts of Tennessee.

Counsel has requested, and the Court has granted, the Government until February 24, 1964 to brief this phase of the lawsuit, and counsel for the taxpayer is given five days thereafter to reply, after which time the case will be submitted to the Court for final decision with the right in either party to re-argue any of the questions that have been argued or to raise any additional questions that may be indicated from the record.

The Court has now had the benefit of briefs of counsel and of further study of the Tennessee cases on this phase of the lawsuit.

The Government contends that the allowance of a year's support made to the widow here was defeasible and hence not deductible for purposes of Section 2056. Although there are several decisions by the Supreme Court of Tennes-

see on the general subject, the decisive cases seem to be Chapman v. Tipton, 200 Tenn. 237, 292 S.W.2d 25, and Carey v. Carey, 163 Tenn. 486, 43 S.W.2d 498. In the Chapman case, the decedent had prior to his death been divorced from the mother of his two daughters who were both minors under 15 years of age at the time of his death. He did not remarry and the mother had care and custody of the daughters.

His former wife filed a bill in Chancery as administratrix of decedent's estate, to wind up the estate. The two daughters were named as defendants, among others. Their guardian ad litem filed an answer and also a motion that the daughters be allowed a year's support out of the $1,067.09 realized from the sale of the personalty, and a homestead interest in the $1,505.78 realized from the sale of realty. A creditor demurred on the ground that the daughters were in the care of the mother and were not entitled to the relief sought. The Chancellor sustained the demurrer and the guardian ad litem appealed.

The Supreme Court in affirming the Chancellor noted that under 36 T.C.A. § 824, "[I]f the head of a family is married and his wife obtain a divorce on account of his fault or misconduct, the title to the homestead shall be vested by the decree of the court granting the divorce in the wife, and after her death it shall pass to their children," but that in these divorce proceedings, no homestead had been assigned to her. The Court further noted that in sustaining the demurrer, the Chancellor had relied on the case of Carey v. Carey, 163 Tenn. 486, 43 S.W.2d 498, which held:

"Upon granting a divorce to a wife, a court may vest in her the title to her husband's homestead exemption, which would pass to their children at her death; but this right of the wife is lost when she does not seek and obtain it in the divorce proceeding." 163 Tenn. p. 488, 43 S.W. 2d p. 500.

In the Carey case, the decedent was married three times. By his first marriage he had five children who were adults at the time of his death. By his second marriage, he had two children, Margaret and Marjorie Carey, who were six years old and who brought the suit to establish property rights in the estate of their deceased father. This second marriage ended in divorce and the two complainants were not members of their father's household after that time. After the divorce the decedent married a third time. Surviving him were his widow, his five adult children and the two complainants. His estate was devised to his widow and the five adult children. The two complainants received specific bequests of $1.00 each. The widow made no application for homestead or year's support. The Chancellor dismissed the bill.

In each case, the mother of the minor children had been divorced from the decedent. In the Chapman case, the decedent had not remarried and had no widow; in the Carey case he had remarried and his widow was not the mother of the minors. It is clear in each case that the "policy of the law in granting the widow and minor children homestead in the lands of the deceased husband and father * * * 'to keep the family together, at least a year * *'" related to those situations where the mother was both mother and widow. In the Chapman case, there was no widow; in the Carey case, the widow was not the mother. The Carey case said: "It clearly was not contemplated that the widow should be required to sell these articles of exempt property for division between herself and the minor children of her deceased husband" and that there was no practical way by which the widow could use it for the minor children. We observe further that money is fungible and may be mingled with moneys coming from other sources. We see no possible way of determining, in case of death, how much of the resources comprising her estate was derived from the allowance

of a year's support. The Court also observed in the Carey case that the statutory provision that minor children have homestead rights in their father's homestead yielded to the constitutional provision that it shall "inure to the benefit of the widow" and that the homestead after assignment could be conveyed by the widow and her deed could not be impeached by her minor children.

The two cases taken together are clear authority that in Tennessee the widow does not take a defeasible interest in an allowance of a year's support but on the contrary may convey it at will. The executor is entitled, therefore, to recover the Federal estate taxes in the amount sued for with interest.