**In re David Waring WALLS, Debtor.**

**Bankruptcy No. 3–84–00644.**

United States Bankruptcy Court, E.D. Tennessee.

Dec. 13, 1984.

Leon Steinberg, Trustee, Knoxville, Tenn., pro se.

Morrison, Morrison, Tyree & Dickenson, P.A., Thomas H. Dickenson, Knoxville, Tenn., for debtor.

### MEMORANDUM AND ORDER ON TRUSTEE'S PROPOSAL TO SELL RIGHT OF SURVIVORSHIP

CLIVE W. BARE, Bankruptcy Judge.

At issue is the trustee's right to sell a right of survivorship in a marital residence owned by the debtor and his nondebtor

spouse as tenants by the entirety. Debtor asserts his survivorship interest is within the scope of the Tennessee homestead exemption and that the trustee is barred from selling the interest for less than the $5,000.00 exemption provided by Tenn.Code Ann. § 26-2-301 (1980). Disagreeing, the trustee contends the purpose of the Tennessee homestead exemption is to assure a right of occupancy and that his proposed sale will not interfere with the possessory interest of either the debtor or his spouse.

I

On April 18, 1984, the debtor filed a voluntary chapter 7 petition. His marital residence, located in Knoxville, Tennessee, is the only real estate scheduled. The marital residence, reportedly valued at $46,000.00, is owned as tenants by the entirety by the debtor and his wife, who has not filed a bankruptcy petition. The debtor and his wife have an equity of approximately $27,000.00 in their residential property.[1] Pursuant to Tenn.Code Ann. § 26-2-301 (1980), debtor claimed a $5,000.00 homestead exemption in his marital residence.

On August 31, 1984, the trustee filed notice of his intention to sell, at a public sale, the debtor's right of survivorship in the marital residence. His notice recites that bidding will start at $500.00, an amount already offered by an unidentified party, whose offer will be accepted in absence of a higher bid. Objecting to the trustee's proposed sale, the debtor contends his survivorship interest is exempt property under 11 U.S.C.A. § 522(b) (1979). He insists that, in any event, the trustee has no authority to sell his right of survivorship for less than the $5,000.00 state homestead exemption.

---

**1.** As of December 31, 1983, the unpaid mortgage balance was $19,091.53.

**2.** Tenn.Code Ann. § 26-2-112 (1980) prohibits Tennessee citizens from selecting the federal exemptions provided by 11 U.S.C.A. § 522(d) (1979).

II

Section 522(b) of Title 11 of the United States Code recites in material part:

[A]n individual debtor may exempt from property of the estate ...

. . . . .

(2)(A) any property that is exempt under ... [applicable] State or local law ... and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.[2]

■■■ Under Tennessee law a tenant by the entirety has the joint right to control, possess, receive rents from, and use entireties property; the right of survivorship is the only interest in entireties property which may be transferred without the consent of the other tenant. *Robinson v. Trousdale County*, 516 S.W.2d 626, 632 (Tenn.1974). A judgment creditor may levy on the survivorship interest of a tenant by the entirety, but the creditor succeeds to the estate only in the event his debtor outlives the other tenant by the entirety. *Citizens & Southern Nat'l Bank v. Auer*, 640 F.2d 837, 839 (6th Cir.1981). Also, where a debtor's spouse is not in bankruptcy Tennessee law permits the bankruptcy trustee to sell only the survivorship interest of the debtor in entireties property. *Stewart v. Huddleston*, 15 B.R. 437 (Bankr.E.D.Tenn.1981).[3] Accordingly, all of the debtor's interest in his marital residence, with the exception of his survivorship rights, is exempted by Code § 522(b)(2)(B).

---

**3.** *But see Waldschmidt v. Hamilton*, 32 B.R. 337 (Bankr.M.D.Tenn.1983) (trustee may sell property held as tenants by entirety where debtor elects federal exemptions). As Judge Lundin noted, his decision in *Hamilton* has "limited applicability" given the holding in *Rhodes v. Stewart*, 705 F.2d 159 (6th Cir.1983) (Tennessee opt-out statute is constitutional).

■ It is well-settled in Tennessee that homestead rights attach to property owned as tenants by the entirety. *Jackson v. Shelton,* 89 Tenn. 82, 16 S.W. 142 (1890). The question before the court, however, is whether the debtor may assert the homestead exemption against his survivorship interest to block the trustee's proposed sale for a bid in an amount less than the $5,000.00 homestead exemption.

Tenn.Code Ann. § 26–2–301 (1980) enacts in material part:

> *Basic exemption.*—(a) An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000). Provided, however, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500).... Provided, further, if only one (1) of said joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then said individual's homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.

The object of this exemption "is not alone to benefit the debtor, but also and mainly to protect the family in the possession of a home...." *Swift v. Reasonover,* 168 Tenn. 305, 307, 77 S.W.2d 809 (1935). The Supreme Court of Tennessee has repeatedly held that the homestead right is a right of occupancy, not an estate in land,[4] and that a remainder or reversionary interest may be sold subject to the homestead exemption. See *Carey v. Carey,* 163 Tenn. 486, 43 S.W.2d 498 (1931); *Carrigan v. Rowell,* 96 Tenn. 185, 34 S.W. 4 (1896); *Parr, Nolen & Co. v. Fumbanks,* 79 Tenn. 391 (1883), *overruled on other grounds, White v. Fulghum* 87 Tenn. 281, 10 S.W. 501 (1889).

### III

■ The sale of a debtor's interest in homestead property subject to the homestead right has been allowed in Tennessee for more than one hundred years. In *Gilbert v. Cowan, McClung & Co.,* 71 Tenn. 203 (1879), a judgment debtor attempted to enjoin the execution sale of his homestead. The value of the judgment debtor's homestead equaled the amount of his constitutional homestead exemption. Injunctive relief was not available to the judgment debtor because his creditors sought to sell the property subject to his homestead right. Hence, the execution sale would not infringe upon the debtor's homestead right.[5] Also, the court observed that postponement of the sale until expiration of the homestead right might altogether defeat the creditors' rights.

A creditor with a $600.00 judgment sought the execution sale of her debtor's interest in a house and lot owned as tenants by the entirety in *Waddy v. Waddy,* 200 Tenn. 140, 291 S.W.2d 581 (1956). There was an equity of approximately $700.00 in the entireties property when an

---

**4.** However, where the homestead has been set apart a vested life estate does arise. *Carey v. Carey,* 163 Tenn. 486, 492, 43 S.W.2d 498, 500 (1931); *Briscoe v. Vaughn,* 103 Tenn. 308, 52 S.W. 1068 (1899). *See also* Comment, *Homestead in Tennessee,* 25 Tenn.L.Rev. 261, 272–73 (1958).

**5.** Sale of residence property qualifying for homestead exemption is allowed in Tennessee because the homestead right is not an estate in land. 40 C.J.S. *Homestead* § 223 (1944).

action to enforce the judgment was filed. Asserting a $1,000.00 homestead exemption, the judgment debtor requested either his homestead be set apart or payment to him of the first $1,000.00 in proceeds from the execution sale. The chancellor overruled the request and ordered "a sale of the property subject to the homestead rights of the ... [judgment debtor]." On appeal, the Tennessee Supreme Court, without addressing the propriety of the order of the "sale of the property" or any analysis of the competing rights, particularly those of the other tenant by the entirety, stated: "We think the Chancellor made proper disposition of the case by decreeing that *defendant's interest* in the property be sold subject to the defendant's homestead right." *Waddy*, 200 Tenn. at 142, 291 S.W.2d at 581 (emphasis added). Although the brief opinion contains additional ambiguities,[6] the court believes *Waddy* holds that the defeasible future or survivorship interest of a tenant by the entirety may be sold subject to a homestead exemption claim which is also defeasible.[7]

Two Tennessee bankruptcy decisions are apposite to the issue before the court. In *Waldschmidt v. Shaw*, 5 B.R. 107 (Bankr. M.D.Tenn.1980), the debtor and her husband owned their marital residence as tenants by the entirety. The debtor's husband had filed for bankruptcy relief and obtained a discharge four years previous to the commencement of her case. The court declined to reopen the husband's case to permit consolidation of the two estates and sale of the residence as an asset of the consolidated estate. The court also concluded that a right of survivorship is not a sufficient interest in entireties property to authorize a sale of the joint tenants' entire interest pursuant to 11 U.S.C.A. § 363(h) (1979).[8] However, after noting that a homestead right in property owned by the entireties vests in the survivor, the court ordered that the trustee may sell the debtor's survivorship interest in the marital residence "subject to the homestead exemption to which she would be entitled if she survives her husband...." *Shaw*, 5 B.R. at 112.[9]

**6.** The remainder of the opinion provides:

> Of course, if the defendant pre-deceases his wife, complainant would get nothing in the transaction. If he outlives his wife then this interest would continue in existence or rather the fee would go to the husband of purchaser subject to the mortgage debt.
>
> The value of this property is fixed at about $6,000 in which the defendant and his wife have an equity of about $700. The value of the defendant's interest as the purchaser would take nothing if the wife proved the survivor, *Cole Manufacturing Co. v. Collier*, 95 Tenn. 115, 31 S.W. 1000, 30 L.R.A. 315, and manifestly would be far less than $1,000, thereby requiring the sale as the lower court held, to be subject to the homestead of the defendant and his occupancy.
>
> We find no error in the decree of the Chancellor and it is affirmed.

*Waddy*, 200 Tenn. at 142, 291 S.W.2d at 581–82.

**7.** It is not clear whether the execution sale in *Waddy* was limited to the survivorship interest of the judgment debtor. That is the only interest in entireties property a creditor may currently reach under Tennessee law where the indebtedness is sole and not a joint obligation of both tenants by the entirety. *Citizens & Southern Nat'l Bank v. Auer*, 640 F.2d 837 (6th Cir.1981).

**8.** This provision recites:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**9.** Insofar as the question presently before the court, Tenn.Code Ann. § 26–2–301 (1980) differs immaterially from former Tenn.Code Ann. § 26–301 (Supp.1979), the homestead statute effective when *Shaw* was decided.

The question before this court has previously been tacitly considered in *Ray v. Dawson*, 10 B.R. 680 (Bankr.E.D.Tenn. 1981), *aff'd*, 14 B.R. 822 (E.D.Tenn.1981). In *Dawson* the bankruptcy trustee sought to sell entireties property, having an equity of approximately $35,000.00 and owned by the debtor and his wife, pursuant to 11 U.S.C.A. § 363(h) (1979).[10] After discussing the Code's provision for exemption in entireties property and Tennessee law, Judge Kelley found that the estate's interest in the entireties property was limited to the debtor's right of survivorship. He further found that the trustee could sell the debtor's survivorship interest and retain all of the proceeds from the sale for the benefit of the estate. The purchaser, however, would take subject to the debtor's defeasible homestead right.[11] The penultimate paragraph of Judge Kelley's opinion recites:

> The trustee will offer for sale only the debtor's right of survivorship interest in the ... [entireties property]. *The debtor will be entitled to no exemption from the proceeds.* (Emphasis added.)

*Ray v. Dawson*, 10 B.R. at 684–85. *Accord Stephenson v. General Motors Acceptance Corp.*, 19 B.R. 185 (Bankr.M.D.Tenn.1982) (debtor may not avoid judicial lien against survivorship interest because she does not have homestead right in right of survivorship).

 Concurring with the conclusion reached in *Shaw* and *Dawson*, this court holds that Tenn.Code Ann. § 26-2-301 (1980) does not in any way preempt a trustee's sale of a debtor's survivorship interest in entireties property. The purpose of the homestead statute is fulfilled through sale of the survivorship interest subject to the debtor's defeasible homestead right. The debtor and his wife may continue to occupy the entireties property during their joint lives. The purchaser at the trustee's sale of the debtor's survivorship interest cannot obtain possession of the entireties property, nor is he entitled to profits or rents during the joint lives of the debtor and his wife. *Cole Mfg. Co. v. Collier*, 95 Tenn. 115, 31 S.W. 1000 (1895). If the debtor predeceases his wife, the purchaser's interest will be extinguished. On the other hand, if the debtor survives his wife, the purchaser will succeed to the fee interest subject to the debtor's homestead right. In either event the debtor is afforded the protection and exemption to which he is entitled. Further, creditors are afforded an opportunity at the chance of reaching the equity in the debtor's entireties property.[12]

The trustee may sell the debtor's survivorship interest in his marital residence subject to the debtor's homestead right upon notice in accordance with Bankruptcy Rules 2002 and 6004.

IT IS SO ORDERED.

---

**10.** See note 8, *supra*.

**11.** Tenn.Code Ann. § 26–301 (Supp.1979) was the material homestead exemption in *Dawson*. See note 9, *supra*.

**12.** Scheduled claims of creditors in this case, excluding taxes in an unknown amount, total $30,180.98. This sum includes a first mortgage indebtedness of $19,091.53 as of December 31, 1983. The debtor's survivorship interest in his marital residence is the only nonexempt asset.